## HICKS v. COODY.

1. REFORMATION OF CONTRACT: *Mistake of law.*

  A promissory note payable one year after date with interest from date at a rate higher than the legal rate, will not be reformed in chancery by adding the words "until paid," after the words "from date," although the parties intended it to bear interest at the higher rate after as well as before maturity, if the note was written as the parties intended to write it, and the words "until paid," were omitted by a mistake as to the legal effect of the omission.

2. EQUITY: *Credit by mistake.*

  For a payment on a note made in cotton, the defendant allowed the plaintiff a credit of ninety dollars in excess of the market value of the cotton, upon a mistaken notion that the note bore interest at the rate of 30 per cent per annum, when in fact it bore interest only at 6 per cent per annum. *Held:* That upon a settlement on the basis of the proper interest, the plaintiff should not be allowed the excessive credit.

APPEAL from *White* Circuit Court in Chancery.

M. T. SANDERS, Judge.

*J. W. House* for appellant.

1. Equity has power to reform an instrument, which by reason of mistake fails to express the intention of the parties. *15 Mo., 160; 66 Mo., 529; 10 Ver., 185; 11 Ohio, 223; id., 480; 17 Ala., 557; 1 Pet., 1; 13 Ark., 129; 98 U. S., 85.*

2. If the words "until paid" were omitted by the fraud or mistake of appellee, a court of equity will reform it so as to

conform to the intention and agreement of parties. *10 Conn.*, *243; 1 S. & R., 464; 1 Johns Chy., 607; 6 Blackf. (Ind.), 448; 4 Scam. (Ill.), 13; 23 Miss., 81; 32 Maine, 340; 1 Story Eq. Jur., secs. 153-4 to 168; 2 Johns Chy., 585; 32 Ark., 399, 346; 33 id., 119; 31 id., 252.*

3. Appellee cannot sue for excess of interest paid. *9 Cowen, 674; 18 Cal., 265; 9 Ver., 174; 68 N. C., 134; 43 Mich., 435; 5 Conn., 528; 45 Am. Dec., 739; 1 Wend., 355; 15 Me., 45; 7 Cush., 125; 1 Dallas (Penn.), 147; 4 Greenl. (Me.), 102; 1 Edw. Chy., 642; 20 Mo., 155; 5 Blackf., 229; 3 id., 413; 55 Me., 477; 9 Allen, 393.*

4. Money paid voluntarily or under a mistake of law cannot be recovered. *34 Miss., 528; 36 Ark., 196; Vick v. Shinn, 49 Ark., 70; 46 Ark., 167.*

*Sam W. Williams* for appellee.

1. The note only bore 6 per cent after due. *40 Ark., 120; 38 id., 114; 36 id., 477; 32 id., 613, 571; 31 id., 626.*

Will the court reform this note by adding the words "until paid." Parol evidence is not admissible to contradict or vary the legal import of a written agreement. *40 Ark., 120.* Courts of equity only reform contracts, upon clear and convincing evidence, where the mistake is *mutual. 26 Ark., 34; 1 Story Eq., secs. 155-6; White & Tudor Lead. Cases, vol. 2, part 1, pp. 981-2; 8 Reporter, 17, 506-7; 14 Ark., 487.* This is not the character of instrument reformed in equity. *27 Ark., 139; 9 id., 501; 4 id., 9.* A mere mistake as to the legal effect of an instrument is not sufficient. *1 Peters, 15; 12 id., 32; 6 Cl. & Fin., 966, 971; 1 Story Eq., secs. 105-9; 7 Cranch, 336.* See also *Rector v. Collins, 46 Ark., 167,* which is decisive of this case..

2. As to appropriation of payments. The first three are indorsed as paid *upon the within note*—not upon interest, and

do not fall within the rule in *46 Ark., 167.* The payments must be applied under *Mansf. Dig., 4738.* The appellee had the right of appropriation, and the act of Hicks, Lightle & Co., in placing the proceeds of the cotton as a credit on this note, was contrary to directions and unauthorized. The burden was on appellant to show that the cotton was to be credited on this note. *38 Ark., 285; 9 Ark., 455.*

Argues upon the evidence that appellee had overpaid the notes; that the credit of the cotton was without authority, and that the decree below is right. That there is no evidence of fraud or over-reaching, and the decree is just and equitable.

SMITH, J. In the year 1873, one Pilkington borrowed of Mrs. Hicks five hundred dollars, making his note therefor, payable on the 1st of January following, carrying interest at the rate of $2\frac{1}{2}$ per cent a month from date until paid, and secured by an absolute conveyance of land. About the maturity of this debt Pilkington sold his land to Coody, and, as part of the purchase price, Coody made his note to Mrs. Hicks for five hundred dollars, payable January 1, 1875, with interest from date at $2\frac{1}{2}$ per cent per month. This last-mentioned note was accepted by Mrs. Hicks in lieu of Pilkington's note, which was surrendered. The substitution was arranged by Pilkington, Coody and Mrs. Hicks not meeting in the course of the negotiation, and Coody never seeing the note of Pilkington.

At the date of these transactions there was no law in this State against usury. It will be observed that the difference in the language of the two instruments is, that in Coody's note the words "until paid" are omitted. And the legal effect of the omission is that the note carries interest until maturity at the rate of 30 per cent per annum, and thereafter at the rate of 6 per cent per annum. There is no contract to pay conventional interest after the 1st day of January, 1875. There-

fore the legal rate of interest prevails. *Newton v. Kennerly, 31 Ark., 626; Pettigrew v. Summers, 32 id., 571; Woodruff v. Webb, id., 613; Gardner v. Barnett, 36 id., 476; Brewster v. Wakefield, 22 Howard, 118; Burnhisel v. Firman, 22 Wallace, 170; Holden v. Trust Co., 100 U. S., 72.*

Partial payments were made on this note in 1875, in 1877 and in 1880, which nearly extinguished the debt computing the interest at 6 per cent after the first year; but which, if the interest were computed at 30 per cent, would go but a little beyond keeping down the interest, leaving the principal almost unaffected. Mrs. Hicks believed that her security was bearing the last-mentioned rate of interest. And Coody, for purposes of his own, seems to have encouraged this belief; although it appears from his testimony that he understood the true effect of the stipulation for interest and that the note was purposely drawn so as to carry the excessive rate for one year only, by an arrangement between Pilkington and himself. Thus, in the payment of 1875, which was made in the medium of cotton, Coody insisted upon a high price for his cotton because he was paying exorbitant interest, and actually obtained a concession of credit to the amount of ninety dollars in excess of the market value of the cotton. It was not until the year 1883 that he informed Mrs. Hicks' agents of his interpretation of the contract—an interpretation in which she was not at all disposed to acquiesce, for it left only a small balance due upon the note.

In addition to this debt, Mrs. Hicks also held certain other notes of Coody, amounting to $270, exclusive of interest. Coody also owed the firm of Hicks, Lightle & Co., who were Mrs. Hicks' agents, several hundred dollars. In December, 1883, he delivered to this firm ten bales of cotton, of the value of $452.97, to be applied one-half to his indebtedness to Mrs. Hicks and the other half to his indebtedness to the firm. Hicks, Lightle & Co. appropriated the proceeds of the cotton to the payment of the note, which, as they supposed, bore $2\frac{1}{2}$

per cent a month. To this appropriation Coody refused to accede, and filed a bill in equity, alleging that the moneys arising from the sale of the cotton and which had gone into the hands of Mrs. Hicks, had overpaid all of his indebtedness to her, and praying for the cancellation of the evidence of such indebtedness and for judgment against her for the excess. Mrs. Hicks filed an answer and cross-bill, in which she averred that the agreement between herself, Pilkington and Coody was that the substituted note should bear the same rate of interes as Pilkington's note, and that the instrument was executed and received under a mutual misapprehension of the legal effect of its terms. Wherefore she demanded a reformation of the note, in conformity with the intention of the parties. In answer to the cross-bill, Coody denies any agreement on his part to pay the high rate of interest mentioned in the note except for one year.

Upon the hearing the court dismissed Mrs. Hicks' cross-bill and granted the relief prayed for by the plaintiff, canceling the notes held by Mrs. Hicks and rendering judgment against her for $148.90 as overpaid.

It does not satisfactorily appear that Coody ever agreed or intended to pay $2\frac{1}{2}$ per cent a month longer than for one year. It seems that he bought Pilkington's land for $1000, payable one-half in cash, and the remainder in twelve months, without interest; that the cash payment was made to Pilkington, and the stipulation for interest was carried into the note at the request and for the accommodation of Pilkington, who made to Coody his own note to indemnify him for the interest that would accrue in one year at that rate.

But taking the theory of the cross-bill to be true, in fact— that the agreement for this high rate of interest was made and the words " until paid " were omitted by mistake, yet this was such a mistake of law as would not be rectified in a court of chancery. The note was written as the parties intended it.

1. EQUITY: Mistake of law.

The mistake was not in the instrument itself, but in the legal construction of it. This precise point was adjudged in *Rector v. Collins, 46 Ark., 167*, where the evidence tended to show that the parties intended an instrument to bear 10 per cent interest after as well as before maturity, but had omitted the words " until paid" because they thought them unnecessary.

2. SAME: Credit by mistake.

But it is inequitable for Coody to claim the full amount of the payment indorsed on the note in 1875. As we have seen, an excess of ninety dollars was credited to him then upon a mistaken notion that the debt bore a heavy rate of interest. Deducting this excess, according to the calculation which we have caused to be made, Coody has paid all of his indebtedness to Mrs. Hicks, but nothing more.

The decree is affirmed, with this modification, that the judgment against Mrs. Hicks for a supposed overpayment of $148.90 is vacated. The costs of this appeal are adjudged against Coody.