### SPENCER VS. MAXFIELD.

Where a party has given his obligation for the payment of a sum of money, by a certain day, with interest at a higher rate than that allowed by law; in the absence of any agreement on that subject, such higher rate of interest will continue not only until the money is due, but so long as it is held or detained by the debtor, though such obligation is entirely silent as to the rate of interest after its maturity.

APPEAL from the Circuit Court for *Fond du Lac* County. This action was commenced against J. H. Wyckoff and Mary E. Wyckoff and the appellant *Maxfield*, to foreclose a mortgage given to secure a promissory note which was as follows: "$800. For value received, I promise to pay Clayton Lemans or bearer, eight hundred dollars, three years from the 15th day of April, A. D., 1857, with the interest at 12 per cent after the first day of June, A. D., 1857. This note running with mortgage of same date. (Signed) J. H. WKCKOFF. Dated, April 16, 1857." On the 14th day of January, 1862, the respondent, *Spencer*, who was the assignee of Lemans, obtained judgment of foreclosure and sale in this action, in which it was adjudged that there was then due on the note and mortgage (one payment of interest having been deducted) the sum of $1,118.74, and in computing the amount due and giving such judgment, the court allowed interest on the principal sum mentioned in the note, at the rate of twelve per cent per annum after it became due. From this judgment *Maxfield* appealed.

*E. Mariner,* for appellant. The contract is silent as to inter-

est after maturity ; if therefore, interest is to be allowed from that time, it must be by operation of law, and at the rate of seven per cent. 8 Wend., 550; 9 Wend., 471; 8 Barb., 560; 5 Watts & S., 51 ; Minor Rep., (Ala.) 164, 209 ; .14 Ala., 233 ; 22 How. U. S., 127 ; 11 Ind., 392.

*J. M. Gillett,* for the respondent, contended that the appellant was not in a position to avail himself of the objection as to computation of interest, and cited *Boyd vs. Sumner,* 10 Wis., 47 ; and that by the terms of the note the respondent was entitled to the amount of interest allowed.

*By the Court,* COLE, J. Assuming for the purposes of this case that the appellant, *Maxfield,* is in a position to contest the question whether interest shall be computed on the note set forth in the complaint at the rate of twelve per cent. per annum until judgment was entered, or whether it should only be computed at that rate until maturity, and thereafter at seven per cent. per annum, we still think the judgment is correct. The circuit court computed the interest at the rate of twelve per cent. per annum up to the time judgment was entered ; and it appears to us that this is the fair and rational construction to be placed upon the contract.

The note was given upon the 16th day of April, 1857, by J. H. Wyckoff, payable to one Lemans or bearer, three years from the 15th day of April, 1857, with interest annually at twelve per cent. per annum after the first day of June, 1857. This, in substance, is the language of the note. Now it is contended that interest upon the note is to be allowed at only seven per cent. after maturity. It is claimed that the contract is silent as to interest after maturity, and that it is controlled by the law which regulates the rate of interest when none is agreed upon by the parties. It appears to us that this is not the proper interpretation of the contract. The statute in force at the time the note was executed, permitted parties to contract for any rate of interest not exceeding twelve per cent. per an-

num. Chap. 172, Laws of 1851. And we have no doubt but the general understanding among business men has been, that notes in the form of the one under consideration draw interest at the rate of twelve per cent. after, as well as before maturity. Such we believe to be the construction placed upon these contracts by the community, and we think it is the correct one. And therefore we have no hesitation in saying, where the parties have confined themselves to the rate per cent. allowed to be contracted for, that the presumption is that they agreed and understood that the interest should be charged on the debt after maturity, the same as before. This we think is the implied agreement or understanding of the parties to the contract. It seems to be strictly analogous to the case where a tenant holds over, where the law implies an agreement to pay rent according to the terms of the expired lease. Other illustrations of the same principle might be given. And it is but reasonable to apply that principle to this case, and say that there is an implied agreement of the parties that the rate of interest fixed by the contract is presumed to be the one the parties intended should be paid so long as the money is held or detained by the borrower. This, we think, is the ordinary presumption arising from such contracts. It seems hardly consistent with reason to say, that when parties have contracted for a higher rate of interest than the law allows, in the absence of all special stipulations upon the subject, that they intended that this rate should continue only until the debt becomes due, but that after default the general statute should apply and reduce that rate. This is not a fair or rational construction of such transactions. We are aware that the case of *Brewster vs. Wakeford*, 22 How., U. S., so holds. But what influence the most unconscionable rate of interest charged on the loans in that case had, in leading the court to give the contracts a strict construction it is impossible to say. The chief justice says that there is nothing in the character of the contract that should induce the court, by supposed intendment of the parties or doubtful

inferences, to extend the stipulation for interest beyond the time specified in the written contract. But in this case the rate of interest is not unconscionable or severe, and is one very frequently contracted for in making loans.

The case of *Macomber vs. Dunham*, 8 Wend., 550; *United States vs. Chapin*, 9 id., 471; and *Sudwick vs. Huntzinger*, 5 W. & S., 515, to which we were referred, we think are not strictly applicable. In each of these cases, the agreement was for a lower rate of interest than the law gave in the absence of any agreement, and the court held that after default the creditor might receive the rate given by law. There might be some reason for saying that a debtor in default should pay the higher legal rate of interest for not keeping and performing his contract. But to say that on default he should be relieved from paying as high a rate as he had agreed to pay for the forbearance of the loan, seems to us contrary to the fair intent of the parties.

We therefore think the judgment of the circuit court must must be affirmed.