SPAULDING and others, Trustees &c., vs. LORD, impleaded with the FOX AND WISCONSIN IMPROVEMENT COMPANY and others.

An instrument dated October 15th, 1852, promising to pay one thousand dollars on the 15th of October, 1857, "and the interest thereon, at the rate of *twelve* per cent. per annum, on the first day of January, *until the time when the principal sum will be payable,*" *Held,* to bear interest at *seven* per cent. only after due. *Spencer v. Maxfield,* 16 Wis., 178, 541, and *Pruyn v. The City of Milwaukee,* 18 Wis., 367, distinguished.

Whatever might otherwise be the construction of the instrument, it must be construed with reference to the act under which it was issued (ch. 340, Laws of 1852), as providing for the payment of interest *annually* at the specified rate until due, and not for the payment on the first day of January next following its date, of the whole interest calculated to October 15th, 1857.

APPEAL from the Circuit Court for *Fond du Lac* County.

In this action a judgment was obtained foreclosing a mortgage and directing a sale of the property of the *Fox and Wisconsin Improvement Company* to pay off the indebtedness secured by the mortgage; and a reference was made to a referee to report the amount of indebtedness outstanding against said company, for the payment of which the trust fund included in said mortgage was liable. *Mrs. Richard Lord* presented to the

referee a claim based upon the following certificate: "STATE OF WISCONSIN. *Improvement Fund Certificate.* $1,000. No. 43. STATE DEPARTMENT, Madison, 15th October, 1852. This certificate entitles F. P. Tallmadge or assigns to receive one thousand dollars on the 15th day of October, 1857, and the interest thereon at the rate of twelve per cent. per annum, on the first day of January, until the time when the principal sum will be payable at the office of the treasurer of the Board of Public Works, in the village of Oshkosh, Wis. And for the redemption thereof, and for the payment of the interest thereon, the moneys arising from the sale of land granted by Congress to the state of Wisconsin in aid of the improvement of the Fox and Wisconsin rivers, and to connect the same by a canal in said state, and the revenues of said improvement, are pledged and appropriated in and by an act of the legislature of said state, entitled "An act to provide for the completion of the improvement of the Fox and Wisconsin Rivers," passed April 14th, 1852, without any other pledge or liability on the part of the state. [Signed by the secretary of state, with the great seal of the state affixed.]" Payment of the interest to January 1st, 1857, was indorsed on the certificate. *Mrs. Lord* claimed the pricipal sum with interest from the last mentioned date until the principal should be paid, at the rate of *twelve* per cent. per annum. The referee reported, among other things, that the certificate drew interest after due at the rate of *seven* per cent. only, and computed the amount due thereon accordingly. *Mrs. Lord* excepted to that portion of the report, and appealed from an order of the court confirming the same.

Sec. 5, ch. 340, Laws of 1852, under which the certificate in question was issued, reads as follows: "The secretary of state, under the direction of the governor, shall cause stock certificates to be prepared, of such denominations, payable at such place, and at such limited periods not exceeding ten years from the date thereof, as he may deem expedient, and bearing

Spaulding et al., Trustees &c., vs. Ford, impleaded &c.

interest at the rate of twelve per cent. per annum, payable on the first day of January in each year. The said certificates shall be in the following or equivalent form : [then follows the form above given.] Such stock certificates shall be signed by the secretary of state, and countersigned by any transfer agent who may be appointed by the governor to negotiate the same." Sec. 6 authorizes the governor to sell said stock certificates, or to deliver the same in payment of any sums due or to become due to any contractor upon said improvement, upon proper vouchers, &c., but limits the amount for which such certificates shall be issued, and provides that none shall be sold for less than their par value.

*Henry F. Prentiss*, for appellant.

*Stevens & Lewis*, for respondents.

*By the Court*, COLE, J. The referee found that the certificate held by *Mrs. Lord* did not draw interest at twelve per cent. per annum after due, but interest at only seven per cent. after that period. It seems to us that this construction of the contract is correct.

The certificate bears date October 15th, 1852. The material language in it which bears upon the point we are considering is, that the holder shall " receive one thousand dollars on the 15th day of October, 1857, and the interest thereon at the rate of 12 per cent. per annum, on the first day of January, *until the time when the principal sum will be payable.*"

This language clearly shows that the contract was only to draw twelve per cent. interest to the 15th day of October, 1857 ; for that was the time the principal became due. All presumption that the parties agreed and understood that the interest should be charged on the debt after maturity the same as before is therefore repelled. For the express limitation is, that twelve per cent. shall only be paid to the time the principal sum becomes due. And this stipulation in the contract distinguishes the case from *Spencer v. Maxfield*, 16 Wis., 178, 541 ;

and *Pruyn v. City of Milwaukee,* 18 id., 367. In those cases it was held that where a party gives his obligation for the payment of a sum of money by a certain day with interest at a higher rate than that allowed by law in the absence of any agreement on the subject, it will be presumed that the parties intended that such higher rate should be paid so long as the money was withheld from the one to whom it was due and payable. But no such presumption can arise upon this contract, since the parties have seen fit to expressly stipulate that the principal sum shall draw interest at the rate of twelve per cent. only until the time when it became payable, thus negativing the idea that it was to draw that rate after that period.

It is suggested that the words "until the time when the principal sum will be payable" were inserted in the certificate to show that the parties contracted that interest at the rate of twelve per cent. for the entire period of five years should be paid in advance, or on some first day of January before October, 1857. Whatever ground there might be for adopting any such construction in view of the phraseology of the certificate, it is removed by an examination of chap. 179, Laws of 1851, and chap. 340, Laws of 1852. This last act shows incontrovertibly that the intention was that the interest should be paid annually on the first day of January. And although twelve months would not elapse before the time for paying the first installment of interest on this certificate, yet we do not think that this circumstance changes the contract in this respect. The interest would be paid on the first day of January from the date of the certificate. Such are the plain provisions of the statute, and there is no difficulty in giving full effect to them.

It follows from these views that that portion of the order of the circuit court appealed from in this case must be affirmed.