## HOLDEN *v.* TRUST COMPANY.

1. In the District of Columbia, the legal rate of interest is six per cent per annum, but parties may, in writing, stipulate for any other rate not exceed ing ten.
2. Where a party made there his promissory note, whereby he promised to pay a certain sum therein named, "with ten per cent interest,"—*Held,* that interest should be computed at that rate up to the maturity of the note, and thereafter at six per cent.

APPEAL from the Supreme Court of the District of Columbia. The facts are stated in the opinion of the court.

*Mr. William A. Meloy* for the appellant.

*Mr. Enoch Totten* and *Mr. Thomas H. Talbot* for the appellee.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This record presents no ground for controversy as to the facts, and only one legal point that requires consideration. But for the importance of that point as a matter of local law we should dispose of the case without a formal opinion.

On the 13th of October, 1870, at the city of Washington, Charles H. Holden, the appellant, made his promissory note of that date to John B. Wheeler, or order, for $5,000, payable four years from date at the Bank of Washington, with interest at the rate of ten per cent, payable semi-annually. On the same day he executed to David L. Eaton a deed of trust of certain property in the city of Washington, to secure the payment of the principal and interest of the note as they should respectively fall due. On the 19th of October, 1870, Wheeler indorsed and delivered the note to the appellee, Talbot, who paid him at the time, as the consideration of the transfer, the sum of $5,000. Talbot thereupon became a *bona fide* holder of the instrument. On the 28th of July, 1873, he executed to his co-appellee — the Savings and Trust Company — his promissory note for $1,500, payable at ninety days, and pledged the note of Holden as collateral security. Talbot's note is still unpaid. The interest on Holden's note was paid up to the 13th of April, 1873, and $75 on account of interest was paid subsequently. The principal and the residue of the interest are unpaid. Eaton, the trustee in the deed of trust, died on

the 13th of February, 1873.   On the 30th of September, 1871, Holden conveyed the trust premises to John Chester, one of the defendants.   This bill was filed on the 18th of November, 1874.   It prayed that a trustee should be appointed in place of Eaton; that the successor so appointed should be directed to execute the trust; and for general relief.   The court below found, among other things, that Holden was indebted to Talbot on the note in the sum of $5,000, " with interest thereon at the rate of ten per cent per annum from the 13th of April, 1873, less the sum of $75," and that the Savings and Trust Company had a lien on the debt for $1,500, and interest from April 13, 1875.   It was decreed that a new trustee should be, and he was thereby, appointed, and that in default of payment of the amount due from Holden, and the costs, the trustee should proceed to sell the premises described in the deed of trust, &c. From this decree Holden appealed to this court.

The note of Holden, including days of grace, matured on the 16th of October, 1874.   Up to that time there can be no doubt that the rate of interest to be paid was that called for by the note.   But what is the rate chargeable thereafter? The court below allowed continuously the rate expressed in the note.   Was this correct?   This is the question we are called upon to decide.

The subject of interest in its historical aspect was considered by this court in *National Bank of the Commonwealth* v. *Mechanic's National Bank*, 94 U. S. 437.

The statutory provisions relating to interest in the District of Columbia are as follows : —

1. The rate of six per cent per annum is allowed upon all moneys due, where there is no contract upon the subject.

2. Parties may stipulate in writing for ten per cent per annum, or any less rate.

3. If more than ten per cent is taken upon any contract, all the interest received may be recovered back, if it be sued for within a year.

The rule heretofore applied by this court, under the circumstances of this case, has been to give the contract rate up to the maturity of the contract, and thereafter the rate prescribed for cases where the parties themselves have fixed no rate.

*Brewster* v. *Wakefield*, 22 How. 118; *Bernhizel* v. *Furman*, 22 Wall. 170. Where a different rule has been established, it governs, of course, in that locality. The question is always one of local law.

This subject was fully examined in the recent case in this court of *Cromwell* v. *County of Sac*, 94 U. S. 351. We need not go over the same ground again.

Here the agreement of the parties extends no further than to the time fixed for the payment of the principal. As to every thing beyond that it is silent. If payment be not made when the money becomes due, there is a breach of the contract, and the creditor is entitled to damages. Where none has been agreed upon, the law fixes the amount according to the standard applied in all such cases. It is the legal rate of interest where the parties have agreed upon none. If the parties meant that the contract rate should continue, it would have been easy to say so. In the absence of a stipulation, such an intendment cannot be inferred. The analogies relied upon to support a different view are obviously distinguishable from the case in hand.

The decree will be altered according to these views.

It appears that since this appeal was taken, Thomas J. D. Fuller, Esq., the trustee appointed in place of Eaton, has also died. Another trustee in his stead will be appointed here.

As modified in these two particulars, the decree will be affirmed and remitted to the court below for execution; and it is

*So ordered.*