CALEB B. BOWERS, administrator, *vs.* HENRY B. HAMMOND, executor.

Middlesex. March 7. — May 3, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

The estate of a deceased person was represented insolvent, and commissioners were appointed, who allowed a claim of a creditor, (who held a promissory note bearing interest at the rate of seven and a half per cent,) at a certain sum, which was computed by adding the principal of the note and interest at the rate specified to the time of the death of the insolvent. After a payment of a dividend of fifty per cent, the estate appearing to be solvent, the Probate Court passed an order that a second and final dividend of fifty per cent be paid upon all claims allowed, "with interest" to the time of payment. On June 1, 1881, the executor of the will of the insolvent paid the creditor the balance of his claim, as allowed by the commissioners, with six per cent interest from the time of the death of the insolvent to the times of the payments. On November 8, 1882, the creditor filed a petition in the Probate Court, praying for a decree directing the executor to compute interest upon the petitioner's claim at seven and a half per cent, and to pay him such sum in addition to the sums already paid as such computation should call for. The judge of probate made a supplemental decree in accordance with the petition. *Held,* on appeal to this court, that the adjudication of the commissioners was not in the nature of a judgment; and that the creditor was entitled to interest at the rate of seven and a half per cent. *Held, also,* that, if this was not the meaning of the order of the Probate Court, that court had the power to pass the supplemental order. *Held, also,* that the creditor had not waived his right by accepting the second dividend, and by the delay in bringing his petition, it not appearing that the executor had suffered any injury thereby.

APPEAL, by the surviving executor of the estate of Benjamin E. Bates, from a decree of the Probate Court, made on January 2, 1883, on the petition of the administrator of the estate of William W. Bowers, filed November 8, 1882, ordering the said surviving executor to pay to the petitioner interest at the rate of seven and a half per cent on $12,000, from November 1, 1877, to April 5, 1881.

The case was heard by *C. Allen,* J., and reserved for the consideration of the full court, upon the following agreed facts:

The estate of said Bates having been represented insolvent, commissioners were appointed, who allowed the claim of the petitioner, as such administrator, for $12,184.93. This claim was founded on a note bearing interest at seven and one half per cent, upon which $12,000 of the principal was due on November 1, 1877. The sum allowed by the commissioners was made up

by computing interest on $12,000 at seven and one half per cent from November 1, 1877, to January 14, 1878, the time of the death of Bates. On October 28, 1880, pursuant to the order of the Probate Court, the executors paid the petitioner $6092.46, being fifty per cent of the sum allowed.

On April 5, 1881, upon the petition of creditors representing that the estate was solvent, the court ordered " that said executors set aside such sum as shall be sufficient to pay all the disputed claims against them, and to convert so much of the property of said estate into money as shall be sufficient to pay a second and final dividend of fifty per cent upon the claims which have been allowed against said estate, and from which allowance no appeal has been taken and is now pending, with interest on said claims, and that said executors pay such final dividend and interest on the first day of June, 1881."

On June 1, 1881, the executors paid the petitioner $6092.46, being the remaining half of the principal of the claim allowed, and the additional sum of $2254.20, being interest at six per cent from January 14, 1878, to the times of payment on $12,184.93.

The estate is solvent, and the executors have in hand assets sufficient for the payment of the petitioner's claim, and all other claims proved against the estate.

If the petitioner was entitled to interest in addition to the amount already paid, and if it was competent for the judge of probate to allow the same on the petition now pending, the decree appealed from was to be amended, and judgment entered for the sum of $519.62, being interest at seven and a half per cent on $12,000 from November 1, 1877, to the times of payment, less the interest already received.

*G. Putnam*, for the appellee.

*A. S. Wheeler & J. H. Young*, for the appellant.

MORTON, C. J. It is settled in this Commonwealth, that, where a note specifies the rate of interest, the holder is entitled to interest at the rate specified after the maturity of the note and up to the time of the verdict or judgment; after verdict or judgment, our statutes fix the rate of interest at six per cent. *Brannon* v. *Hursell*, 112 Mass. 63. *Union Institution for Savings* v. *Boston*, 129 Mass. 82.

It follows that, if the estate of Benjamin E. Bates, the maker of the petitioner's note, had been settled in the usual course, it would have been the duty of the executors to pay to the petitioner the balance of the principal due on the note, with interest thereon at the rate specified in the note up to the time of payment. But the estate of Bates was represented insolvent, and commissioners were appointed, who allowed the claim of the petitioner for $12,184.93. This amount was reached by allowing $12,000, the balance of the principal, and interest computed at seven and a half per cent, the rate fixed by the note, up to the time of the death of Bates. The estate turned out to be solvent, and the executors now have sufficient assets to pay all known claims against it.

The claim of the executor is, that the petitioner is entitled to recover only six per cent interest since the death of Bates, upon the ground that the adjudication, of the commissioners conclusively fixed the amount which the petitioner was entitled to recover of the estate, and was in the nature of a judgment, upon which, under our statute, interest is to be allowed at the rate of six per cent. Pub. Sts. c. 171, § 8.

The reason why a judgment stops the running of interest according to the contract is that the contract is merged in the judgment. The note or other contract upon which the judgment is rendered cannot afterwards be sued, because it is extinguished, and a new and higher security substituted for it. Interest on a judgment is recoverable, not as a sum due by the contract of the parties, but as damages; and our law has deemed it wise that such damages should in all cases be estimated at the rate of six per cent on the amount of the judgment. *Clark* v. *Child*, 136 Mass. 344.

The statutes provide for the appointment of commissioners to receive and examine the claims of creditors of an estate of a deceased person which the executors represent to be insolvent, and to return a list of claims allowed by them. Pub. Sts. c. 137.

This was intended as a convenient mode of providing for the equal distribution of the assets among creditors, where the estate is insolvent and unable to pay them in full. To this end the commissioners are to return a list of all claims against the estate.

If it appear that the assets exceed the debts, the estate is to be settled upon the same principles as if no representation of insolvency had been made. *Greenwood* v. *McGilvray*, 120 Mass. 516. Pub. Sts. *c.* 137, § 22. If the debts exceed the assets, the judge of probate is to make a decree for the distribution of the estate *pro rata* among the creditors.

The return of the commissioners does not finally fix and judicially determine the amount of the debts due to the creditors, but the decree of distribution made by the judge. Such a return is not a judgment which merges the original debt. It is quite analogous to the allowance of debts in proceedings against insolvent debtors. For some purposes such allowance fixes the rights of the parties, but it is not a judgment; it does not merge or extinguish the debt; no suit can be brought upon it, but, if the debtor fails to get a discharge, suit must be brought upon the original debt.

The return of commissioners has less of the character of a final judgment than a proof in insolvency. It is interlocutory in its character; until a decree of distribution founded upon it is made, there is no judicial determination which finally fixes the amount of the creditor's claim, even for the purpose of the division of the insolvent estate. It is not a judgment, within the meaning of our statute, which merges the debt and starts the running of a new rate of interest. Pub. Sts. *c.* 171, § 8.

In *Williams* v. *American Bank*, 4 Met. 317, an estate of a deceased person was represented insolvent. Commissioners were appointed, who made a return of debts allowed by them. It was afterwards found that the assets of the estate were more than sufficient to pay the creditors according to the return of the commissioners, but not sufficient to pay all the debts, with interest to the decree of distribution. The judge of probate allowed interest on the debts to be added up to the decree of distribution, and made a decree for distribution upon this principle, and his decree was affirmed by this court.

A similar question arose in *Brown* v. *Lamb*, 6 Met. 203. In that case a surplus remained in the hands of assignees in insolvency after all the debts proved were paid, and it was held that the assignees should pay interest on the debts proved after the first publication of notice up to the time of the final order

for the distribution of the estate; that, on debts where interest was secured, interest was to be paid according to the contract; on other debts, from the first publication of notice, or, if the debt was not then due, from the time of its maturity.

It does not appear in either of these cases that there was any difference in the rate of interest which the debts of the several creditors bore; but they proceed upon the principle that, if an estate supposed to be insolvent is found to be solvent, the rights of creditors, as between themselves and their debtor, are to be fixed according to the terms of their contracts.

In the case before us, the judge of probate took this view of the law. After a dividend of fifty per cent upon the claims allowed had been paid, pursuant to the order of the court, it was found that the estate was solvent. The judge of probate thereupon passed an order, "that said executors set aside such sum as shall be sufficient to pay all the disputed claims against them, and to convert so much of the property of said estate into money as shall be sufficient to pay a second and final dividend of fifty per cent upon the claims which have been allowed against said estate, and from which allowance no appeal has been taken and is now pending, with interest on said claims, and that said executors pay such final dividend and interest on the first day of June, 1881."

A difference arose as to the construction of this decree, the petitioner contending that he was entitled to interest on his debt at the rate of seven and a half per cent, and the executors insisting that he was entitled to interest at the rate of six per cent; and the executors thereupon paid him the principal of his debt, with six per cent interest.

We are inclined to think that the true import of this order is, as the petitioner contends, that the executors should pay him the amount of his debt, with such interest as he is by law entitled to, namely, seven and a half per cent. But we need not discuss this point.

The petitioner, in November, 1882, filed a petition in the Probate Court, praying that a supplemental decree might be passed allowing him interest at the rate of seven and a half per cent; and, upon due hearing, the judge of probate passed a decree to that effect. We are of opinion that this was a

proper exercise of power by him. The Probate Court has an extensive authority to correct mistakes and supply defects in its own records and decrees. *Cleveland* v. *Quilty,* 128 Mass. 578. *Richardson* v. *Hazelton,* 101 Mass. 108. *Waters* v. *Stickney,* 12 Allen, 1.

The first decree was thought to be ambiguous. The supplementary decree explains and amplifies it. We can have no doubt that it was within the power of the Probate Court thus to correct and explain its record and decree, so as to make it express, without ambiguity, the adjudication of the court.

The ground taken by the executors, that, by accepting the amount of his debt, with six per cent interest, the petitioner waived or lost his right to claim more, cannot be sustained. He did not intentionally waive his right; and his accepting the payment, and his delay in applying to the Probate Court, have not worked any injury to the executor, or effected any change in the situation of the parties, so as to estop him from maintaining his rights.

The result is, that the petitioner is entitled to interest at the rate of seven and one half per cent.

It is agreed that there was a clerical error in computing interest in the decree of the Probate Court. A new decree may be made correcting this error, according to the agreement of the parties, to be settled before a single justice.

*Decree accordingly.*