WILLIAM B. LAMPREY vs. SIDNEY MASON.

SAME vs. SIDNEY MASON & another.

Essex.   November 10, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Promissory Note — Interest — Evidence.*

The payee of a promissory note, upon which payments have been made, is not bound to state to the maker what remains due thereon, upon his mere request, and, if such a note bears interest at a rate greater than six per cent, is not barred by his failure to accede to such a request, or by his conduct not amounting to fraud which causes the maker to postpone payment, from recovering from the date of such request interest on the note in excess of six per cent.

If a promissory note, bearing interest at a greater rate than six per cent, provides in terms that interest at the same rate shall continue after maturity, interest is to be computed upon recovery by the payee thereon at such rate to the date of the judgment.

TWO ACTIONS OF CONTRACT, upon four promissory notes, the two notes in the first case being signed by Sidney Mason, and the two in the second case by him and his wife, dated February 1, April 15, and May 8, 1884, and July 6, 1885, each payable to the plaintiff or his order in one month from date, with interest at the rate of two, three, and four dollars " per month during such term, and for such further time as such principal sum or any part thereof shall remain unpaid." Writs dated July 6, 1887. The answers did not set up fraud in obtaining the notes, but after a general denial, and a special denial of the genuineness of the signatures to the notes, averred payment, as well as various payments on account, and contained the following:

" And further answering, the defendants say that the rates of interest provided for in the notes declared on in the plaintiff's declaration are unconscionable, and the defendants ought not to be charged with interest at said rates after one month from the date of said notes.

" And further answering, the defendants say that on or about the first day of January, A. D. 1886, they were ready and willing to pay the plaintiff the amounts justly due him on account of the notes declared on in the plaintiff's declaration, and re-

quested him to state the amounts justly due, or the amounts which he claimed to be justly due on account of said notes, but the plaintiff fraudulently and wilfully refused and neglected so to do, and though the defendants have often since requested the plaintiff so to do he has fraudulently and wilfully refused and neglected so to do, and the defendants say that they ought not to be charged with interest at the rates specified in said notes after the time when they first requested the plaintiff to state the amounts due on said notes as aforesaid."

An auditor to whom the cases were referred reported in favor of the plaintiff, reciting the amount due on each note, after deducting various payments made by the defendants, including interest at the rate reserved in each, and stating the sums that should be added to each by way of interest at the same rate for each month to the date of judgment.

Trial in the Superior Court, without a jury, before *Lathrop*, J., who found for the plaintiff, and reported the case for the determination of this court, in substance as follows.

The defendants admitted that they signed the notes, and that the consideration for each was a loan of money to them by the plaintiff equal to the principal sum stated therein, and, for the purpose of proving the allegations of their answer, their counsel made the following offer of proof:

" We propose to show that the defendants were born in slavery, and that the female defendant can neither read nor write ; also that the male defendant can write nothing but his name; that neither of them has any knowledge of mathematics or of the meaning of interest ; that at the time of the taking of one of these mortgages, the plaintiff came to the defendant's house and asked the male defendant if this was his place, and that he said that it was ; that about the first of January, 1886, the defendant requested the plaintiff to make a statement of the amount which he claimed to be due on the notes, and that the plaintiff said that he was busy and could not stop to do it then ; that the defendant at that time had partly money enough on hand, in his pocket and at home, to pay the notes, and that he was possessed of unencumbered real estate on which he could have raised money to pay the notes ; that a great many times after that, between that and the first of May, 1887, the defend-

ant requested the plaintiff to make a statement, and asked him how much was due, and that the plaintiff told the defendant then not to fret about it, that the defendant was fretting more than the plaintiff was; and also that during this time, before the first of May, 1887, the defendant had been driving a job wagon in Haverhill, but that about the first of May, 1887, he went to work for the town of Bradford as a driver for its fire department; that he then told the plaintiff that he was to change his occupation, and that he wanted to fix up with him, and asked how much he owed; that the plaintiff again told him not to worry, and said, 'You don't owe me much any way, it don't amount to much,' and, 'Don't worry about it.' Perhaps I should have stated more exactly in the beginning that the defendants, at the time of the making of the notes, had no idea of the nature of the contract except that they were borrowing money."

The judge stated that he was prepared to find, as matter of fact, if material, that the contract appeared unconscionable from the papers in the case, without regard to the offer of proof made by the defendants, and excluded the evidence thus offered; and ruled, as matter of law, that the plaintiff was entitled to recover interest to the date of the writs at the rate specified in each note, but from that time forward at the rate of six per cent only.

If the rulings were correct, judgment was to be entered in accordance therewith; otherwise such judgment was to be entered as the law might require.

*B. B. Jones*, for the plaintiff.

*F. H. Pearl*, for the defendants.

KNOWLTON, J.    The report presents two cases of great hardship for the defendants, but we can deal with them only by applying the principles of law by which they must be governed.

Under the Pub. Sts. c. 77, § 3, it is lawful for parties to contract for any rate of interest or of discount.    The St. of 1888, c. 388, authorizing in all cases the discharge of loans for less than one thousand dollars by paying the principal and interest at the rate of eighteen per cent per annum, and a sum not exceeding ten dollars for the actual expenses of making and securing the loan, applies only to contracts made since its passage.

In the cases at bar, the defendants admitted that the notes were given for a valuable consideration, and were duly signed. There was no allegation in either of the answers, nor offer of proof at the trial, of fraud in obtaining either of the notes. No such issue was presented as in *Trambly* v. *Ricard*, 130 Mass. 259. The evidence excluded was offered "for the purpose of proving the allegations of the answers," and it had no relation to the validity of the contracts in their inception. The finding, from the papers in the case, that the contracts were unconscionable in the rate prescribed to be paid for the use and detention of the money, does not, in the absence of fraud, legally justify the court in refusing to enforce them. It is, in effect, a finding merely that there was gross inadequacy of consideration, which, in itself alone, never renders a contract invalid. The case of *Cutler* v. *Johnson*, 8 Mass. 266, cited by the defendants, rests upon the usury laws in force when it was decided. The same laws seem to have had an influence in the decision of *Cutler* v. *How*, 8 Mass. 257, and of *Baxter* v. *Wales*, 12 Mass. 365; and in these cases, and in *Boynton* v. *Hubbard*, 7 Mass. 112, 123, there are intimations which are inconsistent with the uniform current of later decision.

The defendants contend that the notes ceased to be binding, as to the rates of interest named in them, by reason of the failure of the plaintiff to render accounts of the amounts due on them. But the payee of a promissory note upon which payments have been made is not legally bound to furnish the maker with a statement of the amount due upon it. The parties are supposed to have equal knowledge upon that subject. The maker can protect his rights and stop interest by tendering a sum sufficient to cover the whole amount due. In these cases there was no tender nor plea of tender, and it appears that the defendants never had on hand a sufficient sum to pay the notes, although they could easily have obtained it. The plaintiff's conduct in relation to the payment of the notes, as described in the offer of proof, did not amount in law to fraud, nor change his legal rights, however it may be regarded in other aspects.

Each of the notes expressly provided that the rate of interest should continue after maturity, for such time as the principal sum, or any part of it, should remain unpaid. It is the law in

this and in many other States, that, without such express provision, the rate of interest named in a contract to be paid for the use of money when it is due, is impliedly agreed between the parties to be the rate which shall be paid by way of damages for the detention of the money after it is due.  But in the jurisdictions where a different doctrine prevails, it is held that an express stipulation of the parties for the payment of a certain rate of interest for the detention of money after it becomes due shall be given effect, unless it conflicts with statutes against usury.  *Union Institution for Savings* v. *Boston,* 129 Mass. 82, and cases cited.  The ruling, that from the date of the writ in each case the plaintiff was entitled to recover interest at the rate of six per cent only, was erroneous.  The rates called for by the several contracts continue until the contracts are merged in the judgment.  *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425.  *Union Institution for Savings* v. *Boston,* 129 Mass. 82.  *Brannon* v. *Hursell,* 112 Mass. 63.  *Downer* v. *Whittier,* 144 Mass. 448.

In each case there must be judgment for the amount named in the auditor's report, with interest as therein stated since the time to which interest was therein computed.

*Judgment accordingly.*