SEARS et al. v. GREATER NEW YORK DEVELOPMENT CO.

District Court, D. Massachusetts. May 25, 1927.

No. 2688.

1. Corporations ⊜473—Principal sum of bond held due on date payable, notwithstanding provision for interest payments only as authorized by directors.

Principal sum of bond payable in 1921 *held* to become due on such date, notwithstanding provisions therein relative to interest payments only at times and in amounts as authorized by board of directors.

2. Courts ⊜371(8), 372(7)—Federal law governs on matters affecting validity of commercial instruments, while local law governs rate of interest on default.

On matters affecting validity or essential characteristics of a commercial instrument, the federal law governs, while the rate of interest on default will depend on local law of place where interest is payable.

3. Interest ⊜37(1)—Interest on past-due bond payable in Massachusetts was recoverable at rate fixed in bond.

Where bond was payable in Massachusetts, rate of interest recoverable by owner after due remained the same as that authorized in bond, and not the legal rate of 6 per cent.

4. Courts ⊜372(1)—Federal courts, on matters of commercial law, are bound by federal Supreme Court decisions.

Federal courts, on matters of commercial law, are bound by the decisions of the United States Supreme Court.

5. Courts ⊜372(7)—Whether interest coupons payable to bearer are interest-bearing is question of general commercial law, local law not being controlling.

Federal courts are not bound by state rule as to right of holder of interest coupons to interest thereon; the question being one of general commercial law.

6. Interest ⊜17—Interest at legal rate held recoverable on interest coupons after date bond became due.

Owner of interest coupons payable to bearer *held* entitled to interest at legal rate on amount of coupons after principal became due, since interest represented by coupons becomes an independent obligation separate from principal.

At Law. Action by Annie L. Sears and others, as trustees, against the Greater New York Development Company. Judgment for plaintiffs.

Choate, Hall & Stewart, F. H. Nash, and Herbert Schnare, all of Boston, Mass., for plaintiffs.

French & Smith, Clarence F. French, McLellan, Brickley & Sears, and Howard W. Cole, all of Boston, Mass., for defendant.

MORTON, District Judge. This is an action at law to recover interest on a bond. The present questions arise on a demurrer to the declaration. The facts alleged by the plaintiffs may be briefly summarized:

The plaintiffs' testatrix owned $12,500, face value, of the income bonds of the defendant, dated June 2, 1901, with 40 (i. e., all) interest coupons attached. The provisions of the bonds material to the present controversy were as follows: The defendant company promised to pay to the bearer on June 1, 1921, at its agency in Boston, a specified sum ($500 or $1,000), "with interest at the rate of 5 per cent. per annum from December 1, 1902, and until the principal of this bond shall become due and payable, on the 1st day of June and December, in such installments as the board of directors of the company from time to time shall ascertain, determine, and declare to be payable pro rata on the bonds of the series of which this is one, out of the receipts from profits of the company, when and as such payments may seem safe in the judgment of the directors."

"The interest on this bond at the rate of 5 per cent. per annum shall be cumulative from December 1, 1902."

Then follow provisions relative to the amount and payment of interest, including, inter alia, "such installments of interest as and when ascertained, determined, and declared by the board of directors shall be payable to holders of respective coupons," etc., and further provisions for drawing the bonds for payment before maturity. The bond then says: "After the date fixed for payment interest shall cease upon this bond." There are other provisions not material to the present questions.

No payment, either of interest or of principal, was made upon the bond until January 5, 1926, when the defendant paid the plaintiff the principal sum of each bond, with interest from December 1, 1902, to the date of payment, amounting in all to $2,155 for each $1,000 bond.

The plaintiff contends that on the face of the bonds themselves all unpaid interest became due on June 1, 1921, according to the tenor of the bond; i. e., a total of $1,925 on each $1,000 bond, and that interest thereon should have been computed from that date

to the date of payment, at the rate, not of 5 per cent., as stated in the bond, but at 6 per cent., which is the legal rate. The defendant contends that the bonds did not become due until so declared by the board of directors; that, even if they did become due on June 1, 1921, interest on them would continue, not at 6 per cent., but at the rate specified in the bonds, viz. 5 per cent.; and that no interest should be allowed on unpaid interest. These are the questions presented for decision by the demurrer.

[1] The first two questions depend upon the interpretation of the bond. It contains a direct and unconditional promise to pay to the bearer, on the date stated, the principal sum named. There are definite and elaborate provisions that no interest shall become payable until declared so by the directors; there is no such provision with respect to the principal. I discover nothing in the language of the bond which modifies the promise to pay above referred to. In my opinion, the principal sum of the bond became due on the date therein stated.

The obligation is to pay that sum, "with interest at the rate of 5 per cent. per annum from December 1, 1902, and until the principal of this bond shall become due and payable * * * in such installments as the board of directors * * * from time to time shall ascertain, determine, and declare to be payable," etc. This is the basic contract. The intention was, I think, that on June 1, 1921, the face of the bond, with all unpaid interest, should become due, and that before that date the holders could not claim interest as of right. The provision relied on by defendant, viz. "the determination of the board of directors whether any payment of interest can be safely made at any time, and as to the amount of such payment, shall be conclusive and binding upon the company and upon the holders of this bond," relates to installments of interest before the bond became due. It follows that the sum of $1,925 was due upon each $1,000 bond on June 1, 1921.

The remaining questions are whether interest on the principal sum of the bond continued at 5 per cent., or at 6 per cent., and whether any interest is recoverable on the accumulated interest which became due on June 1, 1921.

By the law of the federal courts the plaintiff is right on both points. In Holden v. Trust Co., 100 U. S. 72, 25 L. Ed. 567, it was held that on a promissory note, which carried interest at 10 per cent., but was silent as to the rate of interest after maturity, the holder was entitled only to the legal rate (6 per cent.) thereafter. "Here the agreement of the parties extends no further than to the time fixed for the payment of the principal. As to everything beyond that it is silent. If payment be not made when the money becomes due, there is a breach of the contract, and the creditor is entitled to damages. Where none has been agreed upon, the law fixes the amount according to the standard applied in all such cases. It is the legal rate of interest, where the parties have agreed upon none. If the parties meant that the contract rate should continue, it would have been easy to say so. In the absence of a stipulation, such an intendment cannot be inferred." Swayne, J., at page 74.

In Pana v. Bowler, 107 U. S. 529, 2 S. Ct. 704, 27 L. Ed. 424, it is said: "Lastly, it is assigned for error that, in computing the amount due upon the coupons described in the declaration, the court allowed 7 per cent. interest, the legal rate in New York, where the coupons were payable, instead of 6 per cent., the legal rate in Illinois, where they were made. There was no error in this. The coupons, after their maturity, bore interest at the rate fixed by the law of the place where they were payable. Gelpcke v. City of Dubuque, 1 Wall. 175 [17 L. Ed. 520]." Woods, J., in 107 U. S. at page 546 (2 S. Ct. 718).

Apparently these decisions are not in accord with the law of Massachusetts. In Lamprey v. Mason, 148 Mass. 231, 19 N. E. 350, it is said: "The rate of interest named in a contract to be paid for the use of money when it is due is impliedly agreed between the parties to be the rate which shall be paid by way of damages for the detention of the money after it is due." Knowlton, J., at page 235 (19 N. E. 352). See, too, Brannon v. Hursell, 112 Mass. 63, 71. In Shaw v. Norfolk County Railroad Co., 16 Gray, 407, it is said: "The disallowance by the master of interest upon the interest coupons, after payment demanded thereof, was correct. Interest upon interest which has accrued upon contracts upon which interest is by its terms payable at stated periods, before the principal becomes due, is never allowed in making up judgment in suits thereon. This has often been determined, and must now be considered as the settled law in this commonwealth upon that subject" (citing cases). Merrick, J., at page 416.

[2, 3] The final question, then, is how far the case is to be determined by federal law, and how far by local law. There is an explicit dictum in Holden v. Trust Co., supra, in which, after stating the federal rule, the opinion con-

tinues: "Where a different rule has been established, it governs, of course, in that locality. The question is always one of local law." In Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 29 S. Ct. 237, 53 L. Ed. 402, it was held that the validity of a Texas county bond would be determined according to the federal law, and that a state decision adverse to that view would be disregarded. This decision was followed in this circuit in Citizens' Savings Bank v. Newburyport (C. C. A. 1st) 169 F. 766. The rule thus appears to be that, on matters affecting the validity or essential characteristics of a commercial instrument, including bonds, the federal law governs, while the rate of interest on default will depend on the local law of the place where the instrument is payable. It follows that the plaintiff is entitled to interest at only 5 per cent. on the principal sum of the bond, although the rule might well be, I think, that all nonstatutory questions on bonds should be treated in the federal courts as matters of general commercial law.

The coupons became due for the full amount on June 1, 1921, as I construe the bond. As to them, the contract contains no provision, either express or implied, fixing a rate of interest. It is perhaps doubtful, even under Massachusetts law, whether on the circumstances here presented—i. e., where the principal of a bond has become due, and coincidentally the entire accumulation of interest upon it represented by coupons—the coupons do not carry interest. In Shaw v. Norfolk County R. R. Co., supra, the rule is carefully limited to interest which becomes payable "before the principal becomes due." [4-6] It is, however, unnecessary to decide this question, because, in my opinion, the point is one of commercial law, on which this court is bound by the decisions of the United States Supreme Court. Interest represented by coupons stands on a very different footing from that not so represented. It becomes an independent obligation, separate from the principal. The present coupons are payable to bearer, and are equally good, whether presented by the holder of the bond or by some other person. The Massachusetts rule denying interest on them altogether—if it be the Massachusetts rule—affects the essential character of the obligation. It is much more basic than the mere rate of interest, and how far interest is to be treated as an accretion on principal. It denies an important right upon a common sort of commercial instrument.

It follows that the plaintiffs are entitled to interest on the amount of the coupons at 6 per cent. per annum from June 1, 1921.

Judgment accordingly; i. e., declaration adjudged good as to claim for interest on the coupons, and bad as to claim for interest at 6 per cent. on the principal.