## In re PLYMOLD CORPORATION.

### No. 69901.

United States District Court
D. Massachusetts.

March 17, 1949.

Friedman, Atherton, King & Turner, of Boston, Mass., for debtor.

Wasserman & Salter, of Boston, Mass., for petitioning creditors.

FORD, District Judge.

This case comes before this court on a petition for review of an order of the referee in bankruptcy in proceedings for an Arrangement under Chapter XI of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 701–799, which order directed the payment of interest to the holders of certain notes of the debtor Plymold Corporation at the rate of six (6) per cent per annum after August 1, 1947.

There is no dispute as to the facts, which are set forth in the memorandum and order of the referee attached to his certificate. These notes were part of a series of 200 notes made by Plymold Corporation and secured by a mortgage upon certain real property owned by it. Each note was for a designated principal sum "with interest thereon at the rate of three (3) per cent per annum from the date hereof until maturity, * * *." The notes had varying maturity dates, but as a result of a default, and by virtue of a provision included in each note providing for acceleration of maturity in the event of default, all the notes became due and payable on August 1, 1947, at which time there remained unpaid the 110 notes in question, aggregating $110,000.

The only question involved is as to the rate of interest to be paid on the notes from the accelerated maturity date of August 1, 1947. It is agreed that the notes were executed and payable in Massachusetts and that the law of that state governs the rate of interest to be paid. The debtor corporation contends that the rate should be three (3) per cent per annum after August 1, 1947 as well as before that date. The holders of the notes contend, and the referee decided, that the rate of interest after August 1, 1947 should be six (6) per cent.

A Massachusetts statute provides: "If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year, but, except as provided in sections seventy-eight, ninety, ninety-two, ninety-six and one hundred of chapter one hundred and forty, it shall be lawful to pay, reserve or contract for any rate of interest or discount. No greater rate than that before mentioned shall be recovered in a suit unless the agreement to pay

it is in writing." G.L.(Ter.Ed.) Ch. 107, sec. 3.

■ Where the parties in a contract for the payment of money even though specifying a date when the money is due and payable, have contracted for a specified rate of interest, with no express statement as to whether this specified rate is to continue after maturity, the Massachusetts courts have held that the contract rate of interest shall continue even after maturity until the money is paid, or the debt is merged in a judgment. Bowers v. Hammond, 139 Mass. 360, 31 N.E. 729; Union Institution for Savings v. City of Boston, 129 Mass. 82, 37 Am.Rep. 305; Brannon v. Hursell, 112 Mass. 63. This rule has been said to be based on the view that there is an implied contract between the parties that the same interest rate shall continue after maturity as before. Lamprey v. Mason, 148 Mass. 231, 235, 19 N.E. 350.

There is, however, no Massachusetts case which I can find, which deals with the exact situation here.

■ In the notes here in question there is not merely a provision for a specified rate of three (3) per cent, but the notes also specifically read that this shall be the rate *until maturity*. The parties have expressly provided not only the beginning but also the terminating of the period during which the interest rate specified in the contract is to be effective. Hence, there is no room for implying any agreement to continue the contract rate after maturity, as there was in the cases already cited, where the parties were silent as to how long the contract rate of interest was to be effective. Since there is no provision, either express or implied, as to the interest rate after maturity, by virtue of the statute the interest rate is to be six (6) per cent.

This result is in accord with the view of the courts of two other states which follow the same rule as that laid down in the Massachusetts cases I have cited and which have also passed upon the problem of the interest rate after maturity, where the contract rate has been expressly stated to be the rate until maturity, Duncan v. Ewing's Heirs, 3 Tenn. Ch. 29, or "until the time when the principal will be payable." Spaulding v. Lord, 19 Wis. 533. One more word is necessary. The case of Cromwell v. County of Sac, 96 U.S. 51, 24 L.Ed. 681, upon which the petitioner relies and wherein the court was construing Iowa law (stated at the hearing to be the same as Massachusetts) does not reflect that the bonds upon which the interest was payable contained any provision limiting the payment of interest "until maturity." This case appears to be similar to Brannon v. Hursell, supra, and Union Institution for Savings v. City of Boston, supra, and companion cases. We do not have such a case here.

The petition for review is dismissed and the order of the referee confirmed.