THOMPSON v. GETZ et al.

In re PLYMOLD CORPORATION.

No. 4429.

United States Court of Appeals, First Circuit.

Dec. 8, 1949.

Lee M. Friedman, Boston, Mass. (Sidney Werlin and Friedman, Atherton, King

& Turner, Boston, Mass., with him on brief), for appellant.

Alford P. Rudnick, Boston, Mass. (Saul Hahn and Rome, Brown, Rudnick & Freed, Boston, Mass., with him on brief), for appellees.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and CLIFFORD, District Judge.

CLIFFORD, District Judge.

This is an appeal by the Receiver of the Plymold Corporation from the order of the District Court dismissing the Receiver's petition for review and confirming an order of the Referee in Bankruptcy, which directed the payment of interest to the holders of certain notes of the debtor at the rate of six (6%) per cent per annum after August 1, 1947, the date of maturity of the notes.

The facts are not in dispute.

On November 1, 1945, the Plymold Corporation, debtor, issued a series of 200 notes, totalling $200,000, in varying amounts, and with varying maturity dates, secured by a mortgage of certain real property owned by it. Each note was for a specified principal sum "with interest thereon at the rate of three (3%) per cent per annum from the date hereof until maturity."

There was included in each note a provision for acceleration of maturity in the event of a default, as follows:

"In the event of a default in the payment of principal or interest due on any one of said 200 notes and said default continuing for a period of ten days, or in case of failure of the mortgagor to perform any of the covenants or conditions in the said mortgage securing said notes, then all of said notes then unpaid together with accrued interest due thereon shall immediately become due and payable, without notice."

On August 1, 1947, as a result of a default, and by virtue of the acceleration of maturity provisions, all the notes became due and payable, at which time there remained unpaid 110 notes aggregating a principal amount of $110,000.

Proceedings were commenced before the Referee in Bankruptcy for an Arrangement under Chapter XI of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 701–799. By order of the court the real property covered by the mortgage was sold, and the proceeds of the sale paid over to the Receiver. The holders of the 110 notes then outstanding petitioned for a determination as to the amount due them. There being sufficient funds to meet all claims, the Referee in Bankruptcy ordered the Receiver to pay the principal amount of these notes with interest at three per cent until August 1, 1947, and at six per cent thereafter to the date of payment. The District Court for the District of Massachusetts confirmed the order of the Referee.

The only issue involved relates to the rate of interest to be paid the holders of the 110 notes after the accelerated maturity date of August 1, 1947. It was agreed by the parties that the notes were executed in Massachusetts, were payable in Massachusetts, and that the Massachusetts law was the governing law in the determination of this issue. Holden v. Trust Co., 1879, 100 U.S. 72, 25 L.Ed. 567.

The Receiver of the debtor corporation contends that the order of the Referee, as confirmed by the Court, was erroneous in that it required the payment of interest after maturity at the rate of six per cent per annum instead of three per cent per annum, which was the only rate mentioned in the notes.

The holders of the notes contend that the phrase "from the date hereof until maturity" is one of limitation and fixes the beginning and terminating dates of the period during which the three per cent per annum interest rate stipulated in the note was to be effective; and that, since the note was silent as to the rate of interest payable after maturity, the Massachusetts statute, which provides for an interest rate of six per cent per annum, automatically became operative. The Mass. statute, G.L. (Ter. Ed.) C. 107 sec. 3 provides:

"If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year, but, except as

provided in sections seventy-eight, ninety, ninety-two, ninety-six, and one hundred of chapter one hundred and forty, it shall be lawful to pay, reserve or contract for any rate of interest or discount. No greater rate than that before mentioned shall be recovered in a suit unless the agreement to pay it is in writing." The exception is not relevant here.

 The Massachusetts courts hold that the contract rate of interest shall continue after maturity until the money is paid or the debt is merged in a judgment, in every case where the contract between the parties provides for the payment of money on a date certain with a specified rate of interest, where there is lacking an express statement in the contract setting forth a contrary intention. Bowers v. Hammond, 1885, 139 Mass. 360, 31 N.E. 729; Union Institution for Savings v. City of Boston, 1880, 129 Mass. 82, 37 Am.Rep. 305; Brannon v. Hursell, 1873, 112 Mass. 63; Sears v. Greater New York Development Co., D.C. D.Mass.1927, 19 F.2d 654, affirmed 1 Cir., 1931, 51 F.2d 46. See Lamprey v. Mason, 1889, 148 Mass. 231, 234–235, 19 N.E. 350.

Had the notes in the case at bar read "with interest thereon at the rate of three (3%) per cent from the date hereof", then, under the decisions of the Massachusetts courts the interest rate of three per cent would have continued to be the rate after maturity. However, the notes involved in this case, by their very words, "from the date hereof until maturity", limit the three per cent rate to the period prior to maturity.

No Massachusetts case has dealt with the problem before this court; namely, what interest rate is applicable after maturity, where the rate of interest is expressly limited to the date of maturity. Cases from other jurisdictions have been cited by appellee which hold that in such a situation the statutory rate of interest is applicable after the maturity date. Hamer v. Rigby, 1887, 65 Miss. 41, 3 So. 137; Duncan v. Ewing, 1875, 3 Tenn.Ch. 29; Spaulding v. Lord, 1865, 19 Wis. 533. In each of these states, as in Massachusetts, the rule had been followed applying the same interest rate after maturity as before, where an interest rate was specified in the note without limitation of time.

This court is compelled to the same conclusion as that reached in the cases just cited. The Massachusetts statute is specific. "If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year * * *." The agreement as to the interest contained in the contracts to be construed in the case at bar contained a provision expressly limiting the interest rate of three per cent to that period prior to maturity.

 The Massachusetts cases cited to this court do not indicate that an agreement would be implied, on the facts before us, as to the rate of interest after maturity. There being no agreement express or implied, the statutory rate of six per cent clearly applies. The judgment of the District Court, confirming the order of the Referee in Bankruptcy, must be affirmed.

The order of the District Court is affirmed.