GEOFFREY D. ROBERTS vs. FREDERICK G. J. GRISE. November 18, 1982. This is an action in contract in which the plaintiff seeks to recover money owed on two promissory notes. The case was submitted to a judge of a District Court in the form of a stipulation of agreed facts. The parties agreed that the defendant owed the plaintiff the sum of $33,500 principal, and $1,340 in unpaid accrued interest, through May 15, 1976. Each of the notes contained a promise to pay the principal sum "on or before May 15, 1976, with interest at the rate of ten (10) per cent per annum payable bi-monthly." There was no express provision concerning interest obligations after the due date.

The trial judge ordered judgment in the amount of $33,500, plus $1,340, in unpaid interest up to May 15, 1976, and interest thereafter on $33,500, at the rate of six percent per annum. It is apparent that the judge concluded that G. L. c. 107, § 3, was controlling in its provision that "[I]f there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred . . . ." The defendant appealed to the Appellate Division of the District Courts, claiming error in the denial of his request for a ruling that no interest was owed after the due date of the notes. The Appellate Division affirmed judgment of the trial court in all respects except that it ordered the recomputation of interest from May 15, 1976, at the rate of ten percent per annum. The defendant appealed to this court, arguing that interest should be assessed from May 15, 1976, either at six percent, as prescribed in G. L. c. 107, § 3, or at the "judgment rate" of eight percent as then prescribed in G. L. c. 231, § 6C.

The Appellate Division was correct in its reasoning as to G. L. c. 107, § 3, that in this case there was both an "agreement" and a "provision of law" which makes that statute inapposite. The law is clear that the contract rate of interest shall continue after maturity until the money is paid or the debt is merged in a judgment, in every case where the contract between the parties provides for the payment of money on a specific date with a specified rate of interest, where there is lacking an express statement

---

in the contract setting forth a contrary intent. *Union Inst. for Sav.* v. *Boston,* 129 Mass. 82, 86 (1880). *Thompson* v. *Getz (In re Plymold Corp.),* 178 F.2d 325, 327 (1st Cir. 1949). The reasoning of the rule is that there is an implied contract between the parties that the same interest rate shall continue after maturity as before. *Lamprey* v. *Mason,* 148 Mass. 231, 235 (1889). On the same reasoning, G. L. c. 231, § 6C, is also inappropriate. We add that the plaintiff argues in his brief that the Appellate Division has incorrectly indicated a view that postmaturity interest should be assessed only on the principal amount. We do not reach that issue because the plaintiff has brought no cross appeal here, and the most he can ask for now is affirmance of the order of the Appellate Division.

*Order of Appellate Division affirmed.*

The case was submitted on briefs.
*J. Douglas Murphy* for the defendant.
*Arthur E. Levine* for the plaintiff.