**DIVERSIFIED CREDIT EXTENSION CORP., in its alleged capacity as successor of New Maine National Bank, Plaintiff,**

v.

**David H. COOK, et al., Defendants.**

No. Civ. 91–42–P–C.

United States District Court, D. Maine.

June 26, 2002.

Thomas A. Cox, Friedman, Gaythwaite, Wolf & Leavitt, Michael K. Martin, Petruccelli, Martin & Haddow, LLP, Rufus E. Brown, Brown & Burke, Daniel Amory, Drummond, Woodsum & MacMahon, Lee H. Bals, George J. Marcus, Kevin J. McCarthy, Marcus, Clegg & Mistretta, P.A., Portland, ME, for Plaintiff.

Leslie Lowry, Jensen, Baird, Gardner & Henry, Scott A. Robertson, Richard L. O'Meara, Murray, Plumb & Murray, Peter L. Murray, Law Office of Peter L. Murray, David S. Sherman, Jr., Drummond, Woodsum & MacMahon, Portland, ME, for Defendants.

### MEMORANDUM OF DECISION AND ORDER ON DEFENDANT DAVID H. COOK'S MOTION FOR RELIEF FROM JUDGMENT (Docket No. 52)

GENE CARTER, District Judge.

Before the Court for action on the papers, and after hearing oral argument of counsel, is Defendant David H. Cook's Motion for Relief From Judgment (Docket No. 52). At issue is the interpretation of this Court's Judgment, entered herein on December 10, 1991 (Docket No. 26), in respect to the amount of interest the Court intended to accrue on the amount of the Judgment. This judge is the one who signed that Judgment. It was a Judgment proposed by counsel for signature by the Court. At the time of its proposal, no situation was brought to the attention of the Court that would indicate that the Judgment presented any situation that was out of the usual course for issuance of such a judgment.[1]

The Judgment contains a finding as to the amount of the Judgment, consisting of the total amount of the principal due on the underlying promissory note ($2,274,-053.31) and the interest accrued thereon to the date of judgment ($162,397.30). The Judgment then makes a finding, "Additional interest *is* accruing at the rate of $607.45 per day." (Emphasis added.) Judgment on Guarantees and Judgment of Foreclosure and Sale (Docket No. 26) at 2, ¶ 4. The Judgment subsequently provides that on default of the judgment debtors, including Defendant David H. Cook, to pay "the aforesaid principal, interest and attorneys fees as set forth herein within ninety (90) days of the entry of this Judgment," *id.* at 2, a foreclosure sale of the property collateral to the promissory note and mortgage shall occur and an execution shall issue "for any deficiency upon compliance with the procedure set forth in the [Maine Foreclosure Statute, 14 M.R.S.A. § 6321 *et seq.*]" *Id.* at 2–3.

The claim of the Plaintiff here is that the combined effect of these provisions of the Judgment reflects an intent by the Court in entering the Judgment that interest should accrue on the amount of deficiency remaining after application of the proceeds

---

1. This judge plays "a special role" in interpreting an order promulgated by him. *Martha's Vineyard Scuba Headquarters, Inc. v. The Unidentified, Wrecked and Abandoned Steam Vessel,* 833 F.2d 1059, 1066–67 (1st Cir.1987); *see also Witty v. Dukakis,* 3 F.3d 517, 520 (1st Cir.1993).

of the foreclosure sale in satisfaction of the amount of the Judgment at the *combined* rate of 9.75% (the rate provided for in the note for interest accrued before entry of any judgment) and 4.98% (the applicable rate for post-judgment interest pursuant to 28 U.S.C. § 1961), or an aggregate rate of 14.73%. On that theory, Plaintiff contends that Defendant owes the amount of $2,282,303.74 in addition to the amount that has already been paid in satisfaction of the Judgment.[2]

The Court had in mind when it executed the Judgment for entry herein that it was entering a judgment for a total amount of $2,436,450.61 plus interest from the date of entry of judgment forward at the applicable statutory rate under 28 U.S.C. § 1961, plus any taxable costs and allowable attorneys' fees. Period.[3] The finding as to what the daily amount of accrual of interest had previously been under the promissory note was immaterial to the Court in formulating the amount of the Judgment. It was simply a context-providing, factual artifact. The note provided, in any event, for a *variable* rate of interest.

All of this is clearly so because the Court made no finding of or provision for any *rate* of interest under the note, gave no indication that interest was to continue under the note after entry of judgment[4]

and could not have intended to adopt as binding *in futuro* the amount of $607.45 per day as the basis for a continuing interest accrual because the Court well knew that there would be a foreclosure sale and that the chances that that *per diem* amount would thereafter be warranted or accurate were, at best, highly unlikely. The Court could not have determined that *any* daily accrual of interest was accurate since the rate of interest under the note was *variable*. The Court intended that the Plaintiff should ultimately recover the amount of the deficiency after the application of the proceeds of the foreclosure plus interest at the usual post-judgment interest rate as prescribed by 28 U.S.C. § 1961.

Accordingly, Defendant David H. Cook's Motion for Relief From Judgment (Docket No. 52) is hereby **GRANTED,** and it is hereby **DECLARED** that the aforesaid Judgment has been **SATISFIED** by Defendant David H. Cook's payment of $1,580,986.54 made on June 17, 2002, and the Court **FINDS** that the Execution herein issued on the original Judgment is fully **SATISFIED.** It is **ORDERED** that all existing liens of record to secure the payment of the amount of the aforesaid Judgment be *forthwith* discharged of record by Plaintiff in a manner sufficient to provide Defendant David H. Cook with a title clear

---

2. Precisely stated, the facts are that the foreclosure yielded a net amount of $1,575,000.00 to be credited against the amount of the Judgment, resulting in a deficiency on the Judgment of $969,445.18 as of May 27, 1992. Defendant Cook has also paid the amount of such deficiency plus the amount of $611,189.48 for interest thereon at a rate of 4.98% (pursuant to § 1961) from May 27, 1992, to June 17, 2002, plus $354.87 for taxable costs. The parties do not dispute the amount of any taxable costs. Defendant Cook does dispute Plaintiff's contention that he is responsible for additional interest accruing on the deficiency at the rate prescribed in the original promissory note.

The total amount that has been paid to date towards satisfaction of the original Judgment is $3,155,989.54, including interest at 4.98% from May 27, 1992, to June 17, 2002.

3. *See, generally, Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 838, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990).

4. The usual rule is that a contract rate of interest ends on entry of a judgment on the underlying debt absent an express statement of a contrary intention, the underlying debt *merging* into the judgment. *Thompson v. Getz.* 178 F.2d 325, 327 (1st Cir.1949) (applying Massachusetts law).

of all defects in consequence of said Judgment and the Execution entered thereon and that the original Execution be endorsed "Satisfied" by Plaintiff and be delivered to Defendant David H. Cook.

So **ORDERED.**