## OHIO *v.* FRANK.

1. The rulings in *Walnut* v. *Wade* (*supra*, p. 683) reaffirmed.
2. The court enforces the ruling of the Supreme Court of Illinois, that a note given in that State for a sum of money at a stipulated rate of interest not exceeding ten per cent per annum bears that rate as long as the principal remains unpaid.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. William C. Goudy* and *Mr. Allan C. Story* for the plaintiff in error.

*Mr. J. H. Roberts* and *Mr. Shelby M. Cullom* for the defendant in error.

MR. JUSTICE WOODS delivered the opinion of the court.

This was an action upon bonds issued by the town of Ohio, the plaintiff in error, and upon certain unpaid coupons attached to them. The bonds were issued by authority of the act of the legislature of Illinois of March 25, 1869, referred to in *Walnut* v. *Wade, supra,* p. 683. That case decided every question raised in this except one, which relates to the matter of interest on the bonds.

That interest was at the rate of ten per cent per annum. In entering judgment the court below included interest upon the bonds at that rate from their maturity until the date of the judgment. This was assigned for error because there was no

agreement in the bonds to pay interest after maturity. It was claimed that no interest at all should have been allowed on them after they fell due, but that if any interest was allowed it should have been computed only at the rate of six per cent per annum, which is the legal rate in Illinois.

At the date of the bonds sued on the law of Illinois fixed the rate of interest at six per cent per annum where it was not settled by the contract, but allowed parties to contract for any rate not exceeding ten per cent per annum.

No authority is cited in support of the proposition that no interest should have been allowed on the bonds after their maturity.

The plaintiff in error relies upon the case of *Holden* v. *Trust Company* (100 U. S. 72), to support the claim that only six per cent interest should have been computed on the bonds after their maturity.

That case arose in the District of Columbia, where substantially the same regulations on the subject of interest were prescribed by statute as in Illinois. The court in that case said: " The rule heretofore applied by this court, under the circumstances of this case, has been to give the contract rate up to the maturity of the contract, and thereafter the rate prescribed for cases where the parties themselves have fixed no rate." But the court added: " When a different rule has been established it governs of course in that locality. The question is always one of local law."

A different rule has been established in Illinois by the decisions of the Supreme Court of that State. In *Phinney* v. *Baldwin* (16 Ill. 108), it was held that a note given for a sum of money, bearing interest at a given rate per month, continues to bear that rate of interest as long as the principal remains unpaid.

This rule was followed by the court below in computing the amount of the judgment in this case.

*Judgment affirmed.*