### RICH. *v.* THE TOWN OF SENECA FALLS.

*(Circuit Court, N. D. New York.   September 3, 1881.)*

1. MUNICIPAL BONDS—OVERDUE COUPONS—INTEREST.

   Coupon bonds bear interest from the date of the maturity of the respective coupons.

*Jas. R. Cox*, for plaintiff.

*Comstock & Barnet*, for defendant.

WALLACE, D. J.   The objections raised by the defendant to the validity of the bonds may be sufficiently disposed of by adopting the decisions of the state court in *Syracuse Sav. Bank* v. *Town of Seneca Falls*, (MS.) and *Angel* v. *Town of Hume*, 17 Hun. 374, as these decisions entirely commend themselves to the judgment of this court. The objection to the jurisdiction, based upon the ground that the bonds were transferred to the plaintiff by a written assignment, and that an action could not have been maintained thereon by the assignor on account of his being a citizen of this state, is not well taken, because these coupon bonds are promissory notes, negotiable by the law-merchant, and therefore not within the restriction of the jurisdiction clause.

The question in the case which presents more doubt is whether the plaintiff is entitled to recover interest on the unpaid instalments of interest. The action is brought upon the bonds, and these provide for the payment of the principal sum in 30 years, with interest semi-annually, at 7 per cent. per annum, on the first day of January and July in each year, at the office of the Union Trust Company, New York city, on presentation of the proper interest warrant hereto annexed. If the action had been brought upon the interest coupons, it is well-settled the plaintiff would be entitled to interest on them from the time of their maturity. On the other hand, were this an ordinary bond for the payment of the principal at a future time, with interest at specified times before the principal should mature, it is concededly the law of this state that interest could not be recoverable upon the unpaid instalments of interest.

The plaintiff could not recover for the unpaid instalment of interest without presenting and surrendering the coupons upon the trial, and in legal contemplation they are not severed from the bond until payment. *The City* v. *Lamson*, 9 Wall. 477, 485. It would seem, therefore, that a right of action upon the bond necessarily carries with it all the rights of recovery upon the coupons, including that for interest upon non-payment of the coupon at maturity. The bond may be considered as an agreement for the payment of a principal sum at a specified date, and for the payment of divers promissory notes representing interest at specified dates. As the owner of the bond can transfer the coupons, and the transferee would be entitled to interest from the time of their maturity, there seems to be no sound reason why he should not also be entitled to like interest if he retains the coupons. The character of the obligation is not affected by the form of the action adopted by the plaintiff, and he does not obtain the full benefit of his obligation unless he is allowed interest by way of damages for the defendant's failure to fulfil the obligation.

Judgment is ordered for plaintiff accordingly.