entered April 4, 1924, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was brought to set aside a general release, made and delivered by the plaintiff to the defendant at the time of the dissolution of their partnership, and to compel the defendant to account for the value of a lease taken by the defendant on the premises which were formerly occupied by the parties as partners and " the good will of the business."

*William Macy* and *Sol Friedland* for appellant.
*Irwin J. Sikawitt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

AGAPITO VASQUEZ, as Administrator of the Estate of MAXIMILIANO SANCHEZ, Deceased, Respondent, *v.* PANAMA RAILROAD COMPANY, Appellant.

*Negligence — master and servant — jurisdiction — action to recover for death of seaman killed on board vessel in New York harbor.*

*Vasquez v. Panama R. R. Co.*, 208 App. Div. 740, affirmed.
(Submitted November 26, 1924; decided December 16, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer. Intestate was killed by an electric shock while working on one of defendant's ships at the time on a floating drydock at Staten Island. The action was instituted under the Federal statute (41 Stat. 1007, § 33), amending section 20 of the Seaman's Act (38 Stat. 1185) so as to make applicable to seamen, or their dependents in case of death, the provisions of the Federal Employers' Liability Act.

*Richard Reid Rogers* for appellant.
*Frederick R. Graves* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-
LIN, ANDREWS and LEHMAN, JJ.  Absent: CRANE, J.

---

OLIVE CORNELL, Respondent, *v.* ZIEGFELD FOLLIES,
INC., Appellant.

*Contract — master and servant — action to recover on alleged contract
for services.*

*Cornell v. Ziegfeld Follies, Inc.*, 209 App. Div. 863, affirmed.

(Argued December 1, 1924; decided December 16, 1924.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered July 11, 1924, affirming a judgment in favor of
plaintiff entered upon a verdict.  The amended complaint
alleged that the defendant (a domestic corporation) has
been engaged in producing a series of plays known as
the " Ziegfeld Follies," which have a national reputation
and great publicity and popularity; that the plaintiff is
a singer, of established reputation, and on or about May
1, 1920, defendant knowing plaintiff's ability and value
as an attraction, employed the plaintiff to appear in
" Ziegfeld Follies of 1920 " for the run of the play at a
weekly salary of $200 for the season of 1920–1921; that
the production of the play began about June 7, 1920,
and with the exception of one week, the defendant refused
to permit the plaintiff to appear in accordance with the
terms of the said contract, to her damage.

*Nathan D. Stern* for appellant.
*Max E. Greenberg* and *Meyer Greenberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE,
ANDREWS and LEHMAN, JJ.  Absent: HISCOCK, Ch. J.