**SEARS et al. v. GREATER NEW YORK DEVELOPMENT CO.**

**GREATER NEW YORK DEVELOPMENT CO. v. SEARS et al.**

Nos. 2535, 2536.

Circuit Court of Appeals, First Circuit.

June 29, 1931.

F. H. Nash, of Boston, Mass. (Richard Wait, of Boston, Mass., on the brief), for Sears and others.

Hugh D. McLellan, of Boston, Mass. (Clarence F. French, Alexander R. Smith, Jr., and French & Smith, all of Boston, Mass., on the brief), for the Development Company.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is an action to recover a sum as interest on bonds after their maturity, issued by the defendant company, and on the interest coupons attached thereto after their alleged date of maturity.

In 1901 the defendant company, organized to engage in the business of buying, selling, and developing real estate in New York City, issued two series of bonds; one, and the primary or senior issue being dated June 1, 1901, in denominations of $1,000 to run for twenty years with interest at 5 per cent., payable semiannually; and a second or junior series in denominations of $500 dated June 2, 1901, and also maturing on the 1st day of June, 1921. The junior series was denominated "Five Per Cent Income Bonds" and were used as a bonus in disposing of the senior issue, one bond of the junior issue of the par value of $500 being offered with each $1,000 bond of the senior issue.

Both series of bonds with their interest coupons attached were made payable to the Old Colony Trust Company in Boston, and the plaintiffs' testatrix subscribed through a Boston broker's office for twenty-five of the senior issue and received income bonds of the aggregate par value of $12,500.

The senior issue held by the plaintiffs' testatrix has been fully paid with interest, though not on its maturity date.

The issues here arose over the construc-

tion of the provisions of the income bonds and the law as to the rate of interest to be computed on any overdue principal of the bonds, and whether the plaintiffs were entitled to interest on the overdue coupons.

The provisions of the income bonds over which the disputes arose are:

"For Value Received the Greater. New York Development Company, a corporation under the laws of the State of New York, hereinafter called the Company, promises to pay to Bearer, or if registered to the registered holder, on the First day of June, 1921, at its agency in Boston, Mass., Five Hundred Dollars with interest at the rate of Five per centum per annum from December 1st, 1902 and until the principal of this bond shall become due payable on the First days of June and December in such instalments as the Board of Directors of the Company from time to time shall ascertain, determine and declare to be payable pro rata on the bonds of the series of which this is one, out of receipts from properties of the Company when and as such payments may seem safe in the judgment of the directors.

"The interest on this bond at the rate of Five per centum per annum shall be cumulative from December 1st, 1902. The respective coupons attached to this bond shall represent in the order in which they are numbered each of the corresponding instalments of interest which may be declared payable on this bond, and such instalments of interest as and when ascertained, determined and declared by the Board of Directors shall be payable to holders of the respective coupons representing such instalments, whether this bond itself be registered or not upon presentation and surrender of such coupons.

"Interest shall be declared payable in each instance at the rate of one half per centum, or a multiple of one half per centum. The determination of the Board of Directors whether any payment of interest can be safely made at any time, and as to the amount of such payment shall be conclusive and binding upon the Company and upon the holders of this bond.

"This bond is one of a series of Similar Five percent Cumulative Income 20 year Bonds dated June 2d, 1901 and amounting in the aggregate to $1,000,000, and may be drawn for payment by lot at any time before maturity and prepaid on any first day of June or December at par with interest at the rate of Five percent per annum to the date of payment, provided that notice that said bond has been drawn for payment shall have

been published in some one newspaper published in said Boston, the first publication thereof to be not less than 21 days prior to the date fixed for payment.

"After the date fixed for payment interest shall cease upon this bond. The Company agrees with the holder of this bond that no dividend shall be paid on the stock of the company until this bond has been paid in full or provision made therefor.

"In case of final liquidation of the Company the 5 percent Bonds of the Company dated June 1st, 1901 shall have priority over the Bonds of this series both as to principal and interest."

Each interest coupon attached to the income bond except as to numbering reads as follows:

"Coupons

"The Greater New York Development Company

"Will pay to bearer at the office of the Old Colony Trust Company in the City of Boston, Mass. or other Agency of the Greater 'New York Development Company upon presentation and surrender of this coupon the First Installment of Interest on its $500 5% Cumulative Income Bond if and when such interest shall become payable in accordance with the provisions of said bond and provided that said bond shall not have been previously called for redemption as therein provided."

Interest on the senior issue was paid regularly until 1918, when the receipts of the company and business conditions did not warrant the further payment of interest at that time or the payment of the principal at maturity. No interest was paid on the income bonds until after the senior issue was fully paid with all interest due on April 15, 1924.

The first issue being paid, the defendant was then able to devote all receipts to the payment of the junior issue. In April, 1925, it had sufficient funds to warrant the passing of the following vote by its board of directors:

"Voted that the board of directors of the Greater New York Development Company does hereby ascertain, determine and declare that the first installment of interest on the 5% Cumulative Income Bonds of said Company dated June 2nd, 1901, amounting to one hundred and twelve and one-half percent (112½) and being interest from December 1, 1902, to June 1, 1925, be payable on June 1st, 1925 to holders of coupons numbered '1' originally attached to said bonds,

upon presentation and surrender of said coupons at the office of the Old Colony Trust Company in Boston, Mass."

"Voted that the board of directors does hereby determine that the payment of interest, set forth in the foregoing vote, can be safely made."

On May 11, 1925, the defendant notified the plaintiff and other holders of income bonds by a circular letter of the following tenor:

"In accordance with said vote the said coupons numbered '1' for the first installment of interest on said bonds will be paid as set forth in said vote on the first day of June, 1925, at the office of the Old Colony Trust Company, 17 Court Street, Boston, Mass., as said coupons are severally presented and surrendered for cancellation."

Following these votes, other votes were passed as to coupons Nos. 2 and 3 and a vote to pay the principal of the income bonds on January 5, 1926.

A dispute immediately arose as to the amount of interest due on the income bonds. The defendant proposed to pay on June 1, 1925, 112½ per cent. of the face of the income bonds as interest from December 1, 1902, to June 1, 1925, to holders of coupon No. 1. The plaintiffs protested, but finally by agreement on January 5, 1926, accepted, without prejudice to their claim for additional interest, $1,125 on each bond or bonds of $1,000 par value held by them, or 112½ per cent. to June 1, 1925, and 3 per cent. on the face of the bond from June 1, 1925, to January 1, 1926.

The plaintiffs claimed that they were entitled on January 5, 1926, as interest on each bond or bonds of the par value of $1,000, interest at 5 per cent. to June 1, 1921, when they matured, and at the legal rate of 6 per cent. from June 1, 1921, to January 5, 1925, when they were paid, aggregating $1,455.65, or a difference of $300.65 on each $1,000 par value of the bonds and a total on all the bonds held by plaintiffs of $3,771.25.

The District Court found that both the bonds and coupons matured on June 1, 1921; that the interest on the bonds after maturity should be computed at the rate fixed in the bond under the rule in Massachusetts; that the coupons were negotiable instruments, and under the federal decisions interest should be allowed on their aggregate face value after maturity at the legal rate at the place where they were payable; and, therefore, that the plaintiffs were entitled to recover interest on the par value of the bonds held by them at 5 per cent. from the date of maturity, or from June 1, 1921, to date of payment, which was January 5, 1926, and that the plaintiffs were also entitled to recover interest on the face value of all the coupons held by them at 6 per cent. from June 1, 1921, until the date of payment. From his decision as to the interest on the amount of the bonds after maturity, the plaintiffs appealed; and from his decision that any interest was due on the amount of the bonds or of the coupons after maturity, the defendant appealed.

■ The defendant says, first, notwithstanding its offer of payment, that the holders of these bonds were not entitled to interest until the directors so voted and the receipts warranted; that the bonds themselves were not due until the receipts warranted their payment on June 1, 1925. But the bonds expressly provide that the defendant will pay the principal sum named therein on June 1, 1921, and we think the District Court was right in its construction of these bonds that they not only were due on June 1, 1921, but that any unpaid coupons attached thereto also became due on that date, whether the receipts of the company then warranted their payment or not.

There was but one promise in the bond, viz., to pay on June 1, 1921, the face of the bond with interest at 5 per cent. from December 1, 1902, "and until the principal of the bond shall become due payable on June 1st and December 1st in such installments as the directors * * * shall ascertain, determine and declare * * * out of the receipts from the properties of the company," etc.

We think the true construction of this provision is made clearer if the word "but" is substituted for "and" at the beginning of the above quotation. In other words, the company promised to pay the face of these bonds on June 1, 1921, with interest at 5 per cent. from December 1, 1902, payable in installments on June 1st and December 1st; but until the principal was due, the installments might not be paid, depending on the receipts and judgment of the directors as to the wisdom of the disbursements at the time. The interest, however, was cumulative, and, not being paid, all became due on June 1, 1921. The board of directors so interpreted the provisions of the bonds before any controversy arose. We think its construction should prevail.

■ The coupons being for a definite amount and definitely payable at some time, though

they might be paid sooner, constituted a negotiable instrument. Chicago Rwy. Equipment Co. v. Merchants' Nat. Bank, 136 U. S. 268, 279, 280, 284, 10 S. Ct. 999, 34 L. Ed. 349.

We have, then, as correctly held by the District Court, a bond and negotiable coupons due June 1, 1921.

On the issue raised by the plaintiffs in their appeal as to whether the holder of a bond was entitled to receive after maturity the legal rate of interest, or the interest named in the bond, we think the ruling of the District Court was right. What rate of interest is permitted is governed by local law, Holden v. Trust Co., 100 U. S. 72, 25 L. Ed. 567, and at the place where the bonds are payable, Scotland County v. Hill, 132 U. S. 107, 10 S. Ct. 26, 33 L. Ed. 261; Ohio v. Frank, 103 U. S. 697, 26 L. Ed. 531; Cromwell v. County of Sac, 96 U. S. 51, 24 L. Ed. 681. According to the rule in Massachusetts where the contrary is not indicated in the writing, the same interest is allowed after maturity as is fixed in the instrument. Brannon v. Hursell, 112 Mass. 63; Union Inst. for Sav. v. Boston, 129 Mass. 82, 86, 95, 37 Am. Rep. 305; Lamprey v. Mason, 148 Mass. 231, 235, 19 N. E. 350. The phrase in the bonds, "and until the principal of the bond shall become due," does not refer to the rate of interest, but the conditions of payment of interest following, and does not bring this case within the cases holding that where the rate fixed in the contract is expressly limited to the maturity of the principal, that after maturity interest is computed at the legal rate. See Ferris v. Hard, 135 N. Y. 354, 365, 32 N. E. 129.

The other issue is whether the coupons shall bear interest after maturity and at what rate. It is conceded that if the Massachusetts law governs the issue is doubtful, but the coupons being negotiable instruments, the question of whether interest is allowable after maturity is a question of general commercial law and the federal court will follow its independent judgment as determined in view of the weight of authority in all the states if it has been reasonably well settled. Swift v. Tyson, 16 Pet. 1, 19, 10 L. Ed. 865; Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 73, 29 S. Ct. 237, 53 L. Ed. 402; Aetna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; American Trust Co. v. Proctor (C. C. A.) 42 F.(2d) 384. We think it is too well settled now by federal decisions to apply the local rule, whatever it may be, and that coupons whether detached or not, if negotiable instruments, bear interest after maturity at the legal rate where payable. Com'rs of Knox County v. Aspinwall, 21 How. 539, 16 L. Ed. 208; Gelpcke v. City of Dubuque, 1 Wall. 175, 17 L. Ed. 520; Aurora City v. West, 7 Wall. 82, 105, 19 L. Ed. 42; City of Lexington v. Butler, 14 Wall. 282, 20 L. Ed. 809; Genoa v. Woodruff, 92 U. S. 502, 23 L. Ed. 586; Cromwell v. County of Sac, 96 U. S. 51, 24 L. Ed. 681; Walnut v. Wade, 103 U. S. 683, 696, 26 L. Ed. 526; Pana v. Bowler, 107 U. S. 529, 546, 2 S. Ct. 704, 27 L. Ed. 424: Scotland County v. Hill, 132 U. S. 107, 10 S. Ct. 26, 33 L. Ed. 261; Cairo v. Zane, 149 U. S. 122, 13 S. Ct. 803, 37 L. Ed. 673; Edwards v. Bates County, 163 U. S. 269, 272, 16 S. Ct. 967, 41 L. Ed. 155; Hollingsworth v. Detroit, Fed. Cas. No. 6613, 3 McLean, 472; Rich v. Seneca Falls (C. C.) 8 F. 852, 853. In the case of United States Mortgage Co. v. Sperry, 138 U. S. 313, 11 S. Ct. 321, 34 L. Ed. 969, sometimes cited as contra, it appears that the coupons were to be paid out of a special fund and did not bind the parties issuing, and were, therefore, not negotiable instruments, and the question of interest was governed by local law. In the instant case the coupons were a binding obligation on the defendants at maturity of the bonds, whether earnings had been sufficient to pay them or not.

The judgment of District Court is affirmed, without costs.