ANNA MURMANN, Administratrix, etc., of GEORGE J. MURMANN, Deceased, Appellant, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

Second Department, November 6, 1931.

*Thomas J. O' Neill* [*Charles D. Lewis* with him on the brief], for the appellant.

*E. R. Brumley* [*John M. Gibbons* with him on the brief], for the respondent.

DAVIS, J. George J. Murmann met his death on December 25, 1924, while employed by an interstate carrier. This action was brought under the Federal Employers' Liability Act to recover damages. The trial resulted in a verdict for plaintiff of $15,000 on May 29, 1931. In making up the judgment, interest on the verdict was added, to the amount of $5,916.55.

The defendant moved to strike out the item of interest as unauthorized, and the motion was granted. The sole question presented on this appeal is whether interest may be allowed on a verdict in death cases arising under the Federal Employers' Liability Act.

In two cases in this State it is held that interest cannot be allowed. (*Norton* v. *Erie R. R. Co., No. 2,* 163 App. Div. 468;

*Lynott* v. *Great Lakes Transit Corporation*, 202 id. 613.) Both these cases were decided in the Fourth Department, and ordinarily we would follow a rule so established and existing for a considerable period of time. But in neither case is there a discussion of principle. The *Norton* case was decided a comparatively short time after the passage of the Federal Employers' Liability Act and before the legal doctrines in relation thereto had been well settled. Interest was disallowed solely because the Federal statute was silent on the subject. In the *Lynott* case the question of interest was incidental to the more important subject discussed. The subject is one of importance. We have, therefore, determined to examine the question anew in the light of meager authority to be found.

It may be added that the *Lynott Case* (*supra*) was affirmed by the Court of Appeals in 234 New York, 626; but, as the plaintiff did not appeal, the question of interest did not reach that court. There are two other cases where the question might appear to have been passed upon but in fact was not. In *Vasquez* v. *Panama R. R. Co.* (208 App. Div. 740; affd., 239 N. Y. 590) the question was not presented to the court for decision because in his brief the plaintiff there conceded that the allowance of interest on the verdict was error; and in *Bezue* v. *N. Y., N. H. & H. R. R. Co.* (232 App. Div. 840) interest was allowed at the Trial Term, and on the appeal the defendant abandoned that question.

The appellant argues that the Federal Employers' Liability Act created no new cause of action, so that the matter must be determined under the law of this State, which gives to an executor or administrator the right to maintain an action to recover damages for the wrongful act, neglect or default by which the decedent's death was caused. (Dec. Est. Law, § 130.) We do not accept this view. It has been held by the United States Supreme Court that the Federal Employers' Liability Act " creates a new and distinct right of action for the benefit of the dependent relatives named in the statute." (*American R. R. of Porto Rico* v. *Didricksen*, 227 U. S. 145, 149.)

The question then is: Is section 132 of the Decedent Estate Law (formerly section 1904 of the Code of Civil Procedure) applicable in such cases in measuring the damages recovered in this State? That section provides that the recovery shall be " a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought; " and further, " When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment." The Federal statute, as interpreted by the courts,

provides for substantially the same measure of damages as the statute in this State, to wit, pecuniary loss. (*American R. R. of Porto Rico* v. *Didricksen, supra.*)

It is well established that the pecuniary loss arises as of the date of the decedent's death and is not affected by extraneous matters like the remarriage of the widow, or marriage after the accident occurred (*Radley* v. *Leray Paper Co.*, 214 N. Y. 32); except when events have definitely fixed what was theretofore only problematical and uncertain, like the death of a widow before trial. (*Sider* v. *General Electric Co.*, 203 App. Div. 443; affd., 238 N. Y. 64.) So when a verdict is rendered it measures the damages as of the date of the death; but if there has been great delay, as in this case, then the plaintiff has not recovered the full amount of damages representing pecuniary loss to the surviving wife or children. The damages, theoretically, should have been paid at the time the loss was suffered, to wit, the date of death. We may assume that the Legislature had these facts in mind when the interest statute was adopted, and that the purpose was to do full justice to those who had been deprived of their source of support and maintenance.

While the Federal statute is entirely silent on the subject of interest on verdicts, it might well be implied that when Congress said that the carrier " shall be liable in damages * * * in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee " (U. S. Code, tit. 45, § 51), it meant the *total* pecuniary loss from the date of the death measured by the standard of the jurisdiction in which the action was brought, and to include interest if the laws of that jurisdiction permitted it.

In *Massachusetts Benefit Assn.* v. *Miles* (137 U. S. 689) the plaintiff had sued in Pennsylvania on an insurance policy. The case was removed to the Federal court in the Eastern District of Pennsylvania — the defendant denying all liability on the policy. A verdict was recovered by the plaintiff, and thirteen days later judgment was entered. Interest was computed from the date of the verdict and included in the judgment. It appeared that in the Federal statute interest was allowed only on judgments, but the law of Pennsylvania permitted interest on verdicts to be computed and added in the judgment. It was held that the Federal statute did not " exclude the idea of a power in the several States to allow interest upon verdicts, and where such allowance is expressly made by a State statute, we consider it a right given to a successful plaintiff, of which he ought not to be deprived by a removal of his case to the Federal court. The courts of the State and the Federal courts sitting within the State should be in harmony upon this

point. Both in *Holden* v. *Trust Company*, 100 U. S. 72, and in *Ohio* v. *Frank*, 103 U. S. 697, it was held that the question of interest is always one of local law."

In one other jurisdiction we find that interest has been allowed on a verdict in a case arising under the Federal Employers' Liability Act. In that State the statute allowed interest from the date of the verdict. (*Leitch* v. *Ry. Co.*, 97 W. Va. 498.) There is no difference in principle whether interest is allowed from the date of the verdict or the date of the death.

There are authorities in other jurisdictions to the contrary; but as we are uninformed concerning the nature of the statutes regulating procedure in death cases or whether there is any statute providing for interest on verdicts or otherwise, we regard them as of little value. In general they cite *Norton* v. *Erie R. R. Co.* (*supra*). (See *Chicago, M., St. P. & P. R. Co.* v. *Busby*, 41 F. [2d] 617; *Bennett* v. *Atchison, T. & S. F. R. Co.*, 187 Iowa, 897; *Grow* v. *Oregon Short Line R. Co.*, 47 Utah, 26.)

We think that the measure of damages in such cases is prescribed by the local law. It matters little whether we regard the question of the addition of interest as one of procedure similar in effect to rights granted in any action under section 480 of the Civil Practice Act, or as a substantive right, based upon justice, which makes interest a part of the damages recoverable for pecuniary loss when there has been delay. It was said in *Mondou* v. *N. Y., N. H. & H. R. R. Co.* (223 U. S. 1, 56): " We deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of State courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure."

In respect to the question of whether the Federal Employers' Liability Act was an attempt by Congress to cover the entire field, including procedure and collateral matters, we deem the doctrine well settled that it was not. It created a cause of action and abolished certain defenses. It conferred concurrent jurisdiction upon the Federal and State courts. When an action was brought in the latter it proceeded under the rules of practice and the local law prevailing in the State where the action was brought. An attorney's lien given under the State law could be enforced regardless of the silence of the Federal act on the subject. (*Dickinson* v. *Stiles*, 246

U. S. 631.) In other respects the local law prevailed, whether it related to the number of jurors necessary to decide the case (*Minneapolis & St. Louis R. R.* v. *Bombolis*, 241 U. S. 211) or the addition of a penalty on appeal (*Louisville & Nashville R. R.* v. *Stewart*, 241 U. S. 261). Likewise, under the Carmack Amendment a recovery was had under a local statute for attorney's fees, although the Federal statute was silent on the subject. (*Missouri, Kansas & Texas R. Co.* v. *Harris*, 234 U. S. 412.) It is said that the tendency is to increase the number of actions in which the jury may allow interest as damages (Suth. Dam. [4th ed.] § 355), particularly in tort actions in order to secure full compensation (17 C. J. 820, and cases cited) where the claimant's demand has been delayed by unsuccessful litigation (*Lakeside Paper Co.* v. *State of New York*, 45 App. Div. 112).

We conclude that pecuniary damages sustained in this action are not complete unless interest is added from the date of death, when the cause of action arose; that the question of interest is one of local law, not in conflict with the Federal act; and that justice requires that the order be reversed.

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, KAPPER and CARSWELL, JJ., concur.

Order granting motion to strike out the interest item from the judgment reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.