HARRY ODGAARD, Plaintiff, v. COSMOPOLITAN SHIPPING COMPANY, INC., and Another, Defendants.

Supreme Court, Special Term, New York County, March 24, 1939.

*Gregory F. Noonan, United States Attorney [Gray & Wythe* of counsel], appearing specially and not otherwise, for the motion.

*George P. Hennessy,* for the plaintiff, opposed.

STEUER, J. This is an action brought by a seaman to recover for personal injuries pursuant to the Jones Act (U. S. Code, tit. 46, § 688). The defendant moves to dismiss the complaint for lack of jurisdiction upon showing the following facts:

The vessel upon which the plaintiff was injured, the steamship *West Cusseta,* was at the time involved owned by the government of the United States. It was operated by the defendant Cosmopolitan Shipping Company, Inc., as agent for the United States. The named defendant, America France Line, is merely a trade name which name is owned by the United States. It does not appear that service was ever made upon the United States nor is it mentioned as a defendant. Under the circumstances it may be regarded that there is only one defendant in the case. The defendant claims that the above facts show that jurisdiction of this action is exclusively in the United States District Court and relies upon the Suits in Admiralty Act (U. S. Code, tit. 46, §§ 741–752). That act provides that a vessel owned by the United States or by any corporation in which the United States owns the entire capital stock, or which is operated by or for the United States or any such corporation, may not be libeled or seized by judicial process. It further provides that where, if such a vessel were privately owned or operated, a proceeding in admiralty could be maintained, that a libel may be brought against the United States provided that such vessel is employed as a merchant vessel. It then provides that the suit should be brought in the District Court of the United States and specifies the appropriate district. Rules of procedure and limitations are also provided.

The question presented here is whether that statute is controlling of this action. It appears the purpose of the act is to provide a remedy against the United States for damage done by vessels owned by it which are employed in merchant service. Among the

provisions of the act are those for payment of judgments recovered from the Treasury of the United States.

In the instant case plaintiff is seeking neither recovery from the United States nor satisfaction of any judgment obtained out of a vessel owned by the United States or from the cargo of such a vessel. If he were the remedy would be controlled by the Suits in Admiralty Act. (*Fleet Corporation* v. *Rosenberg Bros.*, 276 U. S. 202.) However, the limitation of the act would seem to be only applicable to instances where the money required to pay the judgment against the defendant would come directly or indirectly from the United States Treasury, or in other words where the United States is the real party affected by the action. (*Johnson* v. *Fleet Corporation*, 280 U. S. 320.) It does not appear that the liability sought to be placed upon this defendant would be directly or indirectly the liability of the United States. The defendant is sued as the agent responsible for the injury suffered by the plaintiff. While the plaintiff might have elected to include the United States as a defendant, he did not do so, and there does not appear to be any way in which the defendant sued could make its liability that of the government. Under those circumstances the case differs from no other under the Jones Act, and that being so the plaintiff may sue in the State court if he so desires. (*Panama R. R. Co.* v. *Vasquez*, 271 U. S. 557, affg. 239 N. Y. 590.) Motion denied.