In the Matter of the Construction of the Will of ANNIE H. WHYTE, Deceased. ALICE E. SCANLON et al., Appellants; ANNABELLE N. NOYES, Respondent.— In a proceeding to obtain a determination of the validity and construction of paragraphs of a will and a contract between the decedent and the residuary legatee, the statutory distributees and the executor appeal from a decree of the Surrogate's Court, Westchester County, which adjudged and decreed that the contract was not incorporated by reference in the will; that the will superseded any inconsistent provision in the contract; and that the entire residuary estate was distributable to the residuary legatee in accordance with the will. Appeal by executor dismissed, without costs. The executor was not a party aggrieved by the decree and could not appeal therefrom. (*Matter of Cannan,* 278 App. Div. 742.) On appeal by the statutory distributees, decree unanimously affirmed, with costs to the respondent and with one bill of costs to said appellants, payable out of the estate. Under the facts established here, namely, that the respondent was in the employment of the testatrix and remained in such employment until the death of the latter, the respondent is entitled to the full residuary estate, whether the terms of the agreement of employment were or were not incorporated by reference into the will. Under the agreement there could be apportionment of the residuary only in the event that respondent ceased to work for the testatrix. The Surrogate properly held that the agreement was not executed in accordance with section 21 of the Decedent Estate Law, and could not be incorporated into the will by reference. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. [See *post,* p. 1079.]

EMILY M. JACOBY, Appellant, v. CONCORD CONFECTIONARY CORP., Respondent, et al., Defendants.— In this action to recover damages for personal injuries received from a fall on a sidewalk in front of premises leased by defendant-respondent, plaintiff appeals from an order of the Appellate Term, which reversed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, in plaintiff's favor and dismissed the complaint. Order, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.

JAMES W. LEAHY, Respondent, v. LOUIS KASZUBSKI, Appellant, et al., Defendants.— In an action to recover damages for personal injuries sustained by a passenger in a truck owned by defendant Kaszubski and driven by defendant Hearty, his employee, the jury rendered a verdict in plaintiff's favor against both defendants. Defendant Kaszubski appeals from the judgment entered thereon. Judgment unanimously affirmed, with costs. The charge of the court that appellant could be held liable if Hearty, at the time of the accident, was actually engaged in his service, constituted the law of the case. In accordance therewith, the proof was sufficient to warrant a verdict for plaintiff as the jury was warranted additionally in finding that Hearty had permission to take plaintiff as a passenger. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.