■ CLARICE A. BARRETT, Individually and as Administratrix of the Estate of RICHARD BARRETT, Deceased, Appellant-Respondent, v. THOMAS McNULTY,

Respondent-Appellant, and HERTZ CORPORATION et al., Respondents. JOHN TONER, Respondent, v. THOMAS McNULTY, Respondent-Appellant, and HERTZ CORPORATION et al., Respondents.— In a consolidated action to recover damages for wrongful death and personal injuries, plaintiff Barrett and the Motor Vehicle Accident Indemnification Corporation on behalf of defendant McNulty appeal from a judgment of the Supreme Court, Kings County, entered October 21, 1968 (1) in favor of plaintiffs against defendant McNulty upon a jury verdict and (2) in favor of defendants Hertz Corporation and J & J Trucking Corp. upon the trial court's dismissal of the complaint at the close of the case. Judgment affirmed, with one bill of costs to defendants Hertz Corporation and J & J Trucking Corp. against appellants jointly. No opinion. Christ, Acting P. J., Rabin, Benjamin and Munder, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: In my opinion the trial court erred in excluding evidence of an alleged longstanding course of permitted personal use of defendant J & J's trucks by defendant McNulty and other of its employees; such alleged prior conduct should have been admitted to show McNulty's implied authority to use the truck at the time and place of the accident (cf. *Leahy* v. *Kaszubski,* 123 N. Y. S. 2d 246, affd. 283 App. Div. 947; *Comstock* v. *Beeman,* 24 A D 2d 931, affd. 18 N Y 2d 772). It may well be that the evidence to show such custom or conduct on the part of J & J will be insufficient as a matter of law to warrant a finding by a jury that McNulty was acting within the scope of his employment when the accident occurred; however, at a new trial, appellants should be given opportunity to develop proof on this crucial issue (cf. 53 Am. Jur., Trial, § 117). The trial court also erred in ruling that, after McNulty was indicted for theft of the truck, his plea of guilty to a reduced charge of petit larceny was conclusive on the question of permissive use and that therefore no evidence could be introduced either of facts surrounding the plea or concerning the use of the truck in this subsequent civil proceeding; such a plea is not conclusive; it goes to the weight of the evidence and entitles defendant McNulty to an opportunity to explain his reasons for pleading guilty (*Goes* v. *Gifford Sales & Serv.,* 291 N. Y. 744; *Ando* v. *Woodbury,* 8 N Y 2d 165). Furthermore, such admission was only admissible as against McNulty's interest; it was not admissible or binding as to the interest of plaintiff Barrett (*Scott* v. *State of New York,* 27 A D 2d 961; *Wick* v. *Cornrich Beverages,* 27 A D 2d 595; 29 Am. Jur. 2d, Evidence, § 701). I also find that error was committed by the trial court in instructing the jury that it might consider the remarriage of plaintiff Barrett in determining the pecuniary loss sustained by her as a result of her husband's death; the rule is well established that the pecuniary loss arises as of the date of the decedent's death and is not affected by extraneous matters such as the remarriage of the widow (*Lees* v. *New York Cons. R. R. Co.,* 109 Misc. 608, affd. 193 App. Div. 882; *Murmann* v. *New York, New Haven & Hartford R. R. Co.,* 233 App. Div. 446, revd. on other grounds 258 N. Y. 447). Although not a named party to this action, Motor Vehicle Accident Indemnification Corporation (MVAIC) served an answer on behalf of defendant McNulty and itself and participated fully in the trial; therefore it is an aggrieved party by the judgment herein within the purview of section 5511 of the CPLR and is therefore entitled to appeal from the adverse provisions of the judgment (*Ryder* v. *Cue Car Rental,* 32 A D 2d 143; Insurance Law, § 609, subd. [b]).